## HUGHES, Gdn v ROBERTS

Ohio Appeals, 2nd Dist, Franklin Co

No 2484. Decided Sept 25, 1934

B. F. Hughes, Columbus, for plaintiff in error.

L. P. Henderson, Columbus, for defendant in error.

## OPINION

By KUNKLE, J.

The defendant in error moves the court to dismiss the petition in error filed by plaintiff in error herein for the following reasons:

(1) More than forty days have passed since the overruling of the motion for a new trial and the plaintiff has not filed in this court a proper bill of exceptions.

(2) More than forty days have passed since the filing of the entry of judgment in the court below and the plaintiff in error has not filed in this court a proper bill of exceptions.

(3) There were no exceptions noted at the trial and there is no bill or record of the evidence on file in this court.

Sec 11564, GC, provides for the filing of a bill of exceptions not later than forty days after the overruling of the motion for a new trial.

Sec 11565, GC, provides that after the filing of such bill of exceptions the clerk shall notify the adverse party or his attorney of its filing; that upon the expiration of the time for filing exceptions thereto the clerk shall transmit said bill of exceptions to the trial judge, and §11566, GC, defines the action to be taken by the trial judge in reference thereto.

The transcript of the docket and journal entries shows that the motion for a new trial was overruled July 6, 1934, and judgment entered upon the finding made by the court; that upon July 21, a bill of exceptions was filed with the clerk; that on the same day notice of the filing of a bill of exceptions was filed with the clerk; that on the 26th day of July objections to the bill of exceptions were filed by defendant in error; that on July 31 the bill of exceptions was not transmitted to Judge Reynolds, he being absent from the district. The record therefore clearly shows that a bill of exceptions was filed by plaintiff in error within forty days from the date of the overruling of the motion for new trial, and the defendant in error was notified of such filing of the bill of exceptions as required by law.

The record further discloses that objections to the bill of exceptions were filed by council for defendant in error. The record does not show that such objections have been passed upon by the trial court. Until the same are passed upon by the trial court we can understand why the trial court has omitted correcting and signing the bill of exceptions.

We have considered the motion of counsel for defendant in error and are of opinion that for the present this motion should be overruled.

Under the grounds contained in the petition in error, we are of opinion that the court could review certain errors in the absence of a bill of exceptions. Any error disclosed by the pleadings could be review-

ed without there being a bill of exceptions.

We will therefore overrule the motion for the present and when the case comes on for hearing upon its merits, if a bill of exceptions has then been perfected, we will finally pass upon our right to consider the same and will also consider the errors, if any, in the record, which may be reviewed in the absence of a bill of exceptions.

HORNBECK, PJ, and BARNES, J, concur.