## SEIFER v INDUSTRIAL COMMISSION

Ohio Appeals, 2nd Dist, Montgomery Co

No 1555. Decided Feb 28, 1939

Ralph A. Skilken, Dayton, for plaintiff-appellee.

Herbert S. Duffey, Atty. Gen., Columbus, Thomas J. Herbert, Atty. Gen., Columbus, Eugene Carlin, Asst. Atty. Gen., Columbus, E. P. Felker, Asst. Atty. Gen., Columbus, for defendant-appellant.

**OPINION**

~Y THE COURT:

Submitted upon two motions, the first filed by the defendant-appellant of date January 3, 1939,

"for leave to file its assignments of error and brief in this cause and states that although its notice of appeal was filed on October 29, 1938 because of the multiplicity of actions to which it is a party it has been impossible to file the assignments of error and brief within the time prescribed by the rules of this Court (Rule VII) * * *".

The second is a motion by plaintiff-appellee of date February 9, 1939,

"to strike the Bill of Exceptions from the files and to dismiss the proceedings herein, for the reason that said Bill of Exceptions was filed later than 40 days from the judgment entry in the above entiled case, contrary to §11564, GC."

As is noted in the first motion, appellant filed its notice of appeal on October 29, 1938. It appears that the cause was submitted to the trial judge, without the intervention of a jury, who rendered his decision on October 7, 1938. No motion for new trial was filed and judgment was entered October 11, 1938.

The appellant has filed no assignments of error and no brief and the bill of exceptions was filed in the trial court on January 4, 1939, which is much later than 40 days after the decision of the court, which is the time fixed within which the Bill shall be filed under the provisions of §11564 GC.

Our Rule VII provides insofar as pertinent,

"Counsel for appellant shall, within 50 days after filing notice of intention to appeal, file with the Clerk, his assignments of error and briefs and Bill of Exceptions * * * Upon failure of the appellant to file his assignments of error, briefs and Bill of Exceptions as herein required, unless good cause be shown to the contrary, the cause will be dismissed for want of prosecution or otherwise disposed of at the discretion of the Court * * * An application for an extender of time within which to file briefs must be by motion."

Does the motion of appellant for the extension of time within which to file brief and assignments of error show good cause for the extender requested? We are of the opinion that it does not.

It may be that press of court business and inability to meet the duties assigned because of great numbers of cases in which counsel is engaged would in certain unusual situations constitute good cause for the court granting additional leave within which to conform to Rule VII, but the mere general statement of counsel without more is insufficient. If there is any good cause for failure to file briefs, etc., within rule we perceive no sufficient reason to excuse counsel for its failure to call the attention of the Court to the cause within rule. This requirement, it seems to us, must be inflexible save only when counsel, because of sickness or some similar personal reason, is unable or prevented from making application to the Court within time for an extender.

Here the briefs, etc., were due 50 days after October 29, 1938, which would have been December 18, 1938, but the application for extender was not filed until January 3, 1939. Good cause is not shown for the sustaining of the motion of appellant and it will be overruled.

As to the second motion. The provisions of §11564 GC have, without exceptions, been held to be manda-

54

tory. It follows that the motion to strike the Bill of Exceptions must be sustained.

The motion to dismiss the proceedings might not be well made if the appellant had filed its brief and assignments of error because it may be that the error claimed would be exemplified by the pleadings and the Bill of Exceptions would not be requisite to an adjudication of the question to be presented on appeal. Upon an examination of the pleadings we are inclined to the opinion that the error desired to be urged in this Court is made by the pleadings themselves.

However, as we have no assignments of error, no brief and cannot grant the leave to file them out of rule, it follows that the appeal should be dismissed or the judgment affirmed. In the situation here presented it is the opinion of the Court that the appeal should be dismissed for want of prosecution. It will be so ordered. **Anderson v Industrial Commission, 135 Oh St 77, Oh Bar,** February 20, 1939.

HORNBECK, PJ, GEIGER & BARNES, JJ, concur.