**WATERMAN et v WHEELER**

Common Pleas Court, Jefferson Co.

No. 32534. Decided April 11, 1940.

Fred A. Stone, Steubenville, for appellants.

Van Tilburg & Murphy, Steubenville, for appellee.

## OPINION

By WEINMAN, J.

This case comes into this court by appeal on questions of law from the Municipal Court of the city of Steubenville, Ohio.

The appellant, Samuel Waterman, having complied with the statutory requirements relative to notice and service thereof, filed his complaint against the appellee for the unlawful and forcible detention, after a peaceable and lawful entry of certain permises situated in Jefferson County, Ohio. To this complaint the appellee filed his answer and cross petition setting forth in his answer that the appellant, The Union Savings Bank & Trust Company, as administrator, d. b. n. with the will annexed, of the estate of Sarah M. Castner, deceased, entered into an oral agreement with the appellee promising and agreeing to sell said premises to the appellee for the consideration of $150.00, and the appellee promised and agreed to pay unto said appellant sufficient moneys to satisfy the current taxes on said real estate, and to pay unto said appellant the sum of $150.00 at and when said bank tendered a good and sufficient warranty deed conveying said premises to the appellee. Appellee then states that he entred upon said premises and took possession thereof and made lasting and valuable improvements thereon; that the appellant bank has not tendered or delivered unto him a good and sufficient warranty deed to said premises, and that he has kept and performed all the terms and conditions on his part to be kept and performed.

By way of cross petition, the appellee recites that the valuable improvements and other work done by him upon the ground were done at an expense to him of $1,000.00, and payable for benefits under §11907 et seq. GC, being the Occupying Claimant's Law.

The appellant, The Union Savings Bank & Trust Company, filed its answer to the cross petition of the appellee denying that appellee was entitled to relief under the Occupying Claimant's Law.

Upon trial before the court and jury, a verdict was returned in this case in favor of the appellee in the form prescribed by statute. The only questions seriously urged in this court pertain to the application of the Occupying Claimant's Law. This law is set forth in the statutes of our state as follows:

**Sec. 11907 GC.**

"In an action for the recovery of real property the parties may avail themselves of the benefit of the statutes for the relief of occupying claimants of land."

**Sec. 11908 GC:**

"A person who, without fraud or collusion on his part, obtained title to and is in the quiet possession of lands or tenements, claiming to own them, shall not be evicted or turned out of possession by any person who sets up and proves an adverse and better title, until the occupying claimant, or his heirs, is paid the value of lasting improvements made by him on the land, or by the person under whom he holds, before the commencement of suit on the adverse claim whereby such eviction may be effected, unless the occupying claimant refuses to pay to the party estab-

lishing a better title the value of the lands without the improvements made as aforesaid, on demand by him or his heirs, when:

"1. Such occupying claimant holds a plain and connected titled, in law or equity, derived from the records of a public office; or,

"2. Holds it by deed, devise, descent, contract, bond, or agreement, from and under a person claiming title as aforesaid, derived from the records of a publice office, or by deed duly authenticated and recorded; or,

"3. Under sale on execution against a person claiming title as aforesaid, derived from the records of a public office, or by deed duly authenticated and recorded; or,

"4. Under a sale for taxes authorized by the laws of this state; or,

"5. Under a sale and conveyance made by executors, administrators, or guardians, or by any other person or persons, in pursuance of an order or decree of court, where lands are directed to be sold."

The jury by its verdict determined that the appellee acted in good faith and acted in the belief that he was the owner of the premises under color of title, by virtue of an oral agreement with the appellant bank as administrator d. b. n. with the will annexed, of the estate of Sarah M. Castner, deceased. Such is the intent and purpose necessary for relief under the Occupying Claimant's Law.

"This statute applies to every case where a party is evicted who improved, believing in good faith that he was the owner. **Longworth v Wolfington, 6 O. 9.**

"Mere volunteers entering and making improvements can not recover compensation therefor." **Winthrop v Huntington, 3 O. 327-333.**

Appellants now contend that the appellee did not have any title to the premises in question sufficient to seek relief under this law of our state.

The court and jury, however, in this case, have determined that there was an agreement as claimed by the appellee in this case and therefore that the appellee is entitled to the relief and protection of the Occupying Claimant's Law. This result would be true in equity under the facts in this case, because the equitable rules and principles in which this statute had its origin are not to be abolished or superseded by it.

"Because of the relation of the parties and the nature of the action, it is not apparent that the statute can be applied; but the statute had its origin in equitable principles borrowed from the civil law, and well established and enforced by courts of equity long before the enactment of the statute, and those principles and rules are not abolished or superseded by the statute. They may be given effect by a court of equity when a case is brought in that court in analogy to an application of the statute in an action at law. In such case it amounts to an application of the principle that one asking the intervention of a court of equity on his behalf may be required to do equity as a condition of the granting to him of relief." **Dakin v Lecklider, 19 C. C. 254, 10 C. D. 308.**

Appellants contend that appellee would be governed in his relief by compliance with **sub-section 5, §11908 GC,** and that it was necessary that there be a sale and conveyance from the bank as administrator. The statute uses the word "administrator". In the case at bar, the appellant bank was an administrator, d. b.n. with the will annexed. **Sub-section 5** further says, "in pursuance of an order or decree of court, where lands are directed to be sold". In the case at bar, there was no direction by an order or decree of court for the sale of the premises in question. This appellant bank as administrator, d. b. n. with the will annexed, was given specific authority by the provisions of the will with reference to the sale of real or personal property.

Plaintiff's Exhibit C, being a true copy of the last will and testament of Sarah M. Castner of Steubenville, Ohio, contains three provisions granting spefic power under said will.

"Seventeeth: I hereby nominate and appoint my Brother John Moulds, my Niece, Mrs. Jessie Weigel, and W. R. Alban, Esquire, Steubenville, Ohio, to be Executors of this will, and that said W. R. Alban shall in addition to his duties as executor be the attorney and legal advisor for said executors in the settlement of my estate, and that the Probate Court of Jefferson County, Ohio, shall fix his compensation for such legal services.

"Eighteenth: In the event of the death or inability of Mrs. Jessie Weigel to serve as such Trustee I hereby authorize the Probate Court of Jefferson County, Ohio, to appoint a suitable person to act as Trustee in her stead for the several trusts herein named, and I further will and direct that in the event of the death or inability to act of one or more of my executors then living and able to serve shall be the sole executors of my estate with power to act irrespective of the death or inability of any one or more as named therein.

"Nineteenth: I will and direct that my executors sell any part or all of my personal or real property at either public or private sale and execute good and sufficient deed, deeds or bills of sale therefore without **first obtaining an order of Court,** and that such sale must conform to the provisions of this will."

Therefore, no order of court was necessary to authorize the appellant bank as administrator, d. b. n. with the will annexed, to make a valid agreement pertaining to the sale of premises owned by the deceased. The bank as administrator, d. b. n. with the will annexed, may exercise the same powers as an executor under said will. The case of **Hammond Avery, Admr., etc. v Charles F. Howard, et, 19 O. D. 71,** determines this question.

"Order of court to sell real estate by testamentary trustee held unnecessary.

"The executor and testamentary trustee under a will having died, his administrator with the will annexed, under §5986, Rev. Stat. in executing the provisions of the will, has authority to sell, without order of court, testatrix's real estate in fee."

This Common Pleas Court opinion, decided in 1908, seems to be the general rule that has been followed in Ohio. If the powers granted to the executor named in a will pertained to matters particularly within the knowledge of the executor, the right of an administrator de bonis non with the will annexed to act without an order of court should be denied. The general powers of an executor may therefore survive to an administrator de bonis non with the will annexed, but specific individual powers particularly within the knowledge of the executor will not survive to an administrator de bonis non with the will annexed. To avoid litigation, successive executors should be appointed by the provisions of the will.

In the instant case, the powers conferred by the provisions of the will to the executor are general powers. The appellant bank itself recognizes this principle of law and can not now complain or object to the agreement between these parties because in the relationship between the appellant bank and the appellant, Samuel Waterman, relative to the sale and conveyance of this property at a later date, the bank did not rely upon an order of court but completed said sale and executed said conveyance following the explicit authority set forth in Section 19 of the will of Sarah M. Castner. This deed of conveyance is in evidence in this case and is referred to as plaintiff's Exhibit A, and is specific in this regard in that it states:

332

### DEED

By Executor, Testamentary Trustee or Administrator with Will annexed,

(Under Authority of Will)

Know all men by these presents:

That, Whereas, on the 25th day of February, 1930, the Last Will and Testament of Sarah M. Castner, deceased, was admitted to probate and record in the Probate Court of Jefferson County, Ohio, and on the 25th day of September, 1934, the Union Savings Bank & Trust Company, Steubenville, Ohio, was duly appointed and qualified as administrator de bonis non with the will annexed of said decedent by said Probate Court, and is now the lawful administrator de bonis non with the will annexed of the estate of said testatrix.

That said Last Will and Testament, among other provisions, contains the following, to-wit: The **nineteenth provision** thereof:

"I will and direct that my executors sell any part or all of my personal or real property at either public or private sale and execute a good and sufficient deed, deeds or bills of sale therefore without first obtaining an order of court and that such sales must conform to the provisions of this will."

And Whereas, the said testatrix died seized in fee simple of the real estate hereinafter described, and in order to carry out the provisions of the said Last will and testament and pay debts and legacies, it is necessary to sell said real estate,

Now, therefore, The Union Savings Bank & Trust Company, Steubenville, Ohio, as administrator **de bonis non** with will annexed, as aforesaid, **in pursuance to the said provisions of the said Last Will and Testament** of said Sarah M. Castner, deceased, **and by virtue of the statute** in such cases made and provided, **and of the powers vested in it** and for and in consideration of the premises, and the sum of—.

Since the jury determined that there was an oral agreement between the appellant bank and the appellee Wheeler —can the word "administrator", as used in **Sub-section 5, §11908 GC**, include within its meaning an administrator de bonis non who has general authority with reference to the sale of real estate under the provisions of a will? Can we say that this sub-section would apply where real estate may be sold without an order or decree of court? This court does not believe that the ▇▇▇▇▇ appellee is barred by this sub-section or that this section would be controlling as to the appellant bank as administrator de bonis non, under the provisions of the will and the acts of said bank with reference to the sale and conveyance of this property to Samuel Waterman. The lower court therefore could reach the conclusion that the occupying claimant held a plain and connected title in equity under **Sub-section 1, §11908 GC**, or that the occupying claimant held by agreement from and under a person claiming title, derived from the records of a public office under **Sub-section 2, §11908 GC**.

In equity and in law therefore this court is of the opinion that appellee was in possession of said premises in good faith and under color of title sufficient to allow said cause to be determined by the jury. (Good faith under Occupying Claimant's Statutes, 31 L. R. 263).

Appellants further contend that the compensation to which an occupying claimant is entitled for his improvements is not the cost of such improvements but the amount by which they enhanced the value of the property.

The verdict returned by the jury reads as follows:

"We, the jury, being duly empaneled and sworn, do find that the reasonable value of the permanent and valuable improvements made on the land prior to the receipt of actual notice of the adverse claim of the plaintiff, Samuel Waterman, by the defendant, Bryan Wheeler, to be $520; and the next annual value, rents and the profits of the land accruing after the defendant, Bryan Wheeler, was served with summons to be $15.

"We, the jury do further find the value of the land with the improvements thereon to be $170; and do further find the value of the land without the improvements thereon to be $150.

"And we do so render our verdict by the concurrence of 10 of our members, the same being three-fourths or more of our number."

This form of verdict was agreed upon by counsel representing each party after due consideration of §11911 GC.

**Sec. 11911 GC.** "For the trial of the question of fact remaining undisposed of, a jury shall be impaneled and sworn, and at once proceed to view the premises in question. After viewing them they shall return to the court-house and then and there, the trial shall proceed. After hearing the testimony produced by either party, the jury shall determine the rights of the parties under the direction of the court. From such view and the testimony, the jury shall ascertain and find in their verdict the reasonable value of permanent and valuable improvements made on the land previous to the occupying claimant's receipt of actual notice of the adverse claim of the plaintiff, and also the damages, if any—the land has sustained by waste, including the value of timber or other valuable material removed or destroyed, and the net annual value, rents and profits of the land accruing, after the occupying claimant received notice of claim by service of summons. The jury also shall find the value of the land at the time the judgment was rendered with the improvements thereon, and its value without the improvements or damages sustained by waste, including removal or destruction of the timber or other valuable material, and return their verdict in open court."

The lower court, by its journal entry determined from the verdict that the reasonable value of permanent and valuable improvements less the annual value, rents and profits of the land accruing after the occupying claimant received notice of claim by service of summons, was in the sum of $505.00,

and judgment was rendered accordingly for that sum, in the event that the appellant, Samuel Waterman, wished to recover said premises.

This court believes that the figure of $170.00 in said verdict represents the value of the land with the improvements thereon, meaning the improvements to the land itself. This amount did not include the valuable improvements by way of buildings but only represented the increase in the value of the land as improved, and under the evidence, and as viewed by the lower court this was the intent expressed by the jury. There was considerable evidence in this regard relative to the improving of this land exclusive of buildings as illustrated by various excerpts in that respect from the record.

This court in concluding that the lower court committed no error in its determination of the intent expressed by the jury by said verdict, is satisfied with the judgment of the court in its present form. The court by its judgment entry in this case has determined that the jury returned a verdict in form sufficient to enable the court intelligently to base a judgment thereon. **39 O. Jur. p. 1089—§363.**

"Juries are usually composed of men who are not learned in the forms of law or exact in their use of language, and all reasonable intendments should be made in order to sustain their verdicts, when the validity of such verdicts is challenged on merely technical grounds. A verdict is sufficient in form if it decides a question in issue in such a way as to enable the court intelligently to base a judgment." §372.

"In considering a verdict with a view to its sufficiency, the first object is to ascertain what the jury intended to find, and this is to be done by construing the verdict liberally, with the sole view of ascertaining the meaning of the jury, and not under the technical rules of construction which are applicable to pleadings. Every reasonable construction and intendment is to be adopted with regard to verdicts; they are not to be avoided unless from ne-

334

cessity originating in doubt of their import or irresponsiveness to the issues submitted, or unless they show a manifest tendency to work injustice; verdicts are sufficient if they decide questions in issue in such a way as to enable the court intelligently to base a judgment thereon, * * *."

Appellants further contend that this case should be reversed upon the weight of the evidence. The record has been examined with this complaint in view. This court can not substitute its judgment for that of the jury. The jury weighed the evidence and found a valid and binding oral contract for the purchase of the premises. There was ample evidence before the jury to justify their arriving at that conclusion. A verdict for the appellee, that he was entitled to the benefits of the Occupying Claimant's Law, was not against the weight of the evidence necesary in a civil action.

As a matter of equity and good conscience and in the application of equitable principles, the defendant should be granted relief in this case, under the further authority of **Sommers v Gray, 31 Abs 26,** on the theory that one person will not be permitted, in equity, to enrich himself unjustly at the expense of another even though he is not entitled to the benefits of the Occupying Claimant's Law.

The judgment of the Municipal Court of the City of Steubenville, Ohio, is hereby affirmed.