## H. P. SMITH BUILDERS SUPPLY & COAL CO. v JOHNSON

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3219.   Decided June 22, 1940.

O. H. Mosier, Columbus, for plaintiff-appellee, and for the motion.

Robert J. Beatty, Columbus, for defendant-appellant, and contra the motion.

## OPINION

### BY THE COURT:

Submitted on motion of appellee to dismiss the appeal for the reason that defendant-appellant has violated Rule VII of this Court in the following particulars, namely: Failed to file assignments of error, brief in support of such assignments, or Bill of Exceptions.

From an examination of the transcript of docket and journal entries and the other papers which appear in the files, it is obvious that Rule VII has been violated in all of the particulars assigned in the motion.  In a document styled Factual Summation and Brief of Ruling Law Submitted on Behalf of Defendant, Dorothy Louise Johnson, we find that which if other essentials had been observed would constitute assignments of error.  From these assignments it appears that as to all of the special assignments except No. 1, it would be necessary that the Court have a Bill of Exceptions to pass upon the claimed errors.  There is one assigned error, No. 4, to effect that the Court erred in overruling the motion of the defendant for a judgment on the pleadings.  This claimed error would be exemplified without a Bill of Exceptions.

We find, however, that neither assignments of error, the prepared Bill of Exceptions nor brief of appellant was filed within 50 days after the filing of the notice of intention to appeal. Further, there is no such Bill of Exceptions as is contemplated by law.

We have had statement of counsel for appellant which appeals to any discretionary authority that the court might have in waiving the rule, but inasmuch as we have enforced it without exception for five years last past, we cannot waive it in this particular case.

The procedure to secure an extender of time within which to file brief is such that there is no occasion for counsel running afoul of the rule. Almost without exception, opposing counsel will accede to an extender of time, if the application therefor is made within rule; and

if not, it is seldom that the Court will refuse such extender.

The motion to dismiss will be sustained.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.