**STATE ex McCLELLAND v EDIE**

Ohio Appeals, 2nd Dist, Greene Co.

Decided Nov. 28, 1940.

142

Marshall & Marshall, Xenia, for plaintiff-appellee.

Abe Gordon, Springfield, for defendant-appellant.

## OPINION

BY THE COURT:

The above entitled cause is now being determined on plaintiff-appellee's motion to dismiss the appeal for failure of defendant-appellant to file brief within the time prescribed under the rules of court.

It is conceded that the brief was not filed within time. Counsel for appellant by affidavit seeks to justify the delay and requests extension of time. Our rule fixing time within which brief shall be filed states that failure to comply is ground for dismissal unless for good cause shown the court finds otherwise.

For a period of about five years we have been giving strict construction to this rule and have almost universally dismissed.

The affidavit fails to meet the requisite of good cause shown. The sickness set out of counsel and his family would have been adequate ground for exten-sion of time for filing of brief, but no such request was made, nor does it appear that defaulting counsel could not at any time have made a request for extension before the due date for filing.

The procedure generally followed is for counsel to prepare entry for extension, submit same to opposite counsel and, if consented to, we will make a reasonable extension of time. If opposite counsel refuse to approve such entry, application for extension should be made before the time for filing has expired.

Appellees have the right to have the appeal determined within the time prescribed under our rules, and counsel for appellant should never take the matter in his own hands in effecting the delay when there is no good reason why application · for extension could not be made before due date for filing.

We have decided the questions numerous times in other cases, many of which are reported and in two instances appeal has been taken to the Supreme Court from our decision and our action there affirmed.

Fair dealing requires that we be consistent ·and under the rule of stare decisis the motion to dismiss must be sustained.

Entry may be submitted accordingly.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.