### BROWN, Gdn. v BROWN

Ohio Appeals, 2nd Dist, Franklin Co

No 3420. Decided Dec 5, 1941

Guy V. Fridley, Columbus, and G. C. Raver, Columbus, for plaintiff-appellant.

Griffith & Griffith, Columbus, for defendant-appellee.

### OPINION

BY THE COURT:

The above-entitled cause. is now being determined on defendant-appellee's motion to dismiss plaintiff-appellant's appeal on the ground that appellant. has failed to file brief within the time prescribed by a rule of our Court designated as Rule VII. Counsel for appellant admit that his brief and assignments of error were not filed within the prescribed time, but excuses under the claim of press of business and an agreement with counsel for appellee that the failure to file within time would not be objected to. The last claimed excuse is controverted by opposite counsel. However, he does admit that he called attention of counsel to his default and was willing to waive had counsel filed his brief within a reasonable time.

The brief was past due almost sixty days.

We have endeavored innumerable times to impress upon counsel the importance of this rule, and its required observance.

The enactment of the rule is within the powers of the Court and is just as effective as a statutory enactment. Counsel would never question the provisions of a statute of limitation, but nothwithstanding the frequency with which we have called attention to the rule, we still have instances where counsel refuse to consider it seriously.

From time to time the substance of the rule has been published in the "Daily Reporter" in Columbus. Many of our decisions have been reported. In two instances counsel have carried the cases. to the Supreme Court. That Court has sustained the rules and affirmed our dismissal.

When counsel find themselves pressed for time it would take only a few minutes to make an application to the Court for an extention of time. In most instances this request would be granted by opposite counsel. In one of

our cases we called attention to the fact that counsel should not take the matter in their own hands and attempt to file out of rule. **State ex McClelland v Eddie, 33 Abs 141.** We also make reference to the case of **Russell v State Bridge Commission, 32 Abs 332; Anderson v Industrial Commission, 135 Oh St 77.** For a matter of at least five years we have persistently held that this part of Rule VII would be strictly enforced. Of course, the rule provides that for good cause shown appeals will not be dismissed. The instant case presents no different situation than in the many others that we have determined. It is always unpleasant to enforce this rule, but we must be consistent and treat all litigants alike.

The motion to dismiss the appeal will be sustained.

Entry may be drawn accordingly.

GEIGER, PJ., HORNBECK & BARNES, JJ., concur.