## SHANK v UNION CENTRAL LIFE INSURANCE CO.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 3456. Decided March 4th, 1942.

David A. Guberman, Columbus, for plaintiff-appellant.

Arnold, Wright, Purpus & Harlor, Columbus, for defendant-appellee.

### OPINION

BY THE COURT:

This cause is now before this Court upon the motion of defend-

ant-appellee to dismiss the appeal for the failure of the plaintiff-appellant to file assignments of errors and briefs as provided by Rule VII.

Rule VII is to the effect that unless otherwise ordered by the Court counsel for appellant shall, within fifty days after filing notice of intention to appeal, file with the Clerk his assignment of errors and briefs and bill of exceptions. Upon failure to file his assignment of errors, briefs or bill of exceptions, unless good cause be shown to the contrary, the cause will be dismissed for want of prosecution, or otherwise disposed of at the discretion of the Court.

It is admitted that the papers enumerated under Rule VII have not been filed, and that the fifty days from the notice of appeal have long since expired.

In the case of **Anderson v Industrial Commission, 135 Oh St, 77,** the Court held that the Court of Appeals could properly dismiss an appeal for failure of the parties to comply with the provisions of Rule VII. Counsel for the plaintiff-appellant files a brief contra the motion to dismiss and also files two affidavits. The brief and affidavits are based upon the fact that at or about the time counsel filed his notice of appeal his wife was taken suddenly ill and remained so for the period during which the Rule VII required the filing of the assignment of errors and the briefs. The picture presented by the affidavits is one that appeals to our sympathy, and yet we have in numerous cases held that we could not permit our sympathy to control us in the enforcement of this rule. Our comments upon this matter may be found in **State ex McClelland v Edie, 33 Abs 141; Delgrego v Delgrego, 32 Abs 494; Smith v Johnson, 32 Abs 342.** Counsel for defendant-appellant urges that the Court should under the particular circumstances detailed in this affidavit still adhere to the rule. The rule provides that the cause shall be dismissed "unless good cause be shown to the contrary."

The Court has been insistent that the rule be enforced in many cases where it is sought to be shown that the rule would work a hardship, and that there was some valid excuse for the failure to file, and we have been quite rigid in the enforcement. We have had numbers of cases in which counsel have asserted their own illness, but in each of these cases it has appeared that counsel was associated with others who might have made the necessary filing, or that counsel might have made an application for an extention of time. In this particular case counsel states that while there appears upon the papers the names of other attorneys with whom he has an office, that they were, as a matter of fact, not associated with him in this case except for the specific purpose of presenting the case to a jury. The case was not submitted to a jury and it is indicated that the other counsel had no other concern in the case. Counsel make an appeal strictly to sympathy as well as to our right to permit him to file under the clause quoted from Rule VII.

We have given this matter consideration and have concluded under all the circumstances brought to our attention that we will overrule the motion to dismiss the appeal.

Motion overruled.

GEIGER, PJ., BARNES and HORNBECK, JJ., concur.