### COSTLO, Plaintiff-Appellant, v. STURM, et, Defendant-Appellee.

Ohio Appeals, Second District, Shelby County.

No. 144.   Decided October 15, 1948.

Roy Warren Roof, John L. Roof, Kenton, for plaintiff-appellant.

Harry K. Forsyth, E. J. Garmhausen, Sidney, for defendant-appellee.

## OPINION

By THE COURT:

Submitted on motion of plaintiff-appellant for an extension of time within which to file briefs, and, also on the motion of defendant-appellee, Luetta Keplinger Sturm, to dismiss the appeal on the following grounds:

"Plaintiff-appellant failed to file his assignments of error and brief within fifty days after the date of filing his notice of intention to appeal, and for failure to file his motion for extension of time within the fifty day period."

The record shows that notice of intention to appeal on questions of law was filed on July 12, 1948. The bill of exceptions was filed on August 20th, 1948. On September 7, 1948 plaintiff-appellant filed his assignments of error and also his motion for extension of time within which to file briefs. The period of fifty days within which assignments of error and briefs are required to be filed as provided by Rule VII had expired. Sec. 12223-21 GC in part provides:

"Failure to file such briefs and assignments of error within the time prescribed by the court rules shall be cause for dismissal of such appeal."

This court has consistently held that where appellant fails to file his assignments of error and briefs within the fifty day period prescribed by Rule VII, unless good cause be shown for such failure, the appeal will be dismissed.

The motion for extension of time is grounded solely on the fact that the bill of exceptions was filed two days before the

expiration of the time limit and that sufficient time was not given to counsel to prepare and file briefs. The record shows that the bill of exceptions was filed in this court eleven days before the expiration of the period within which assignments of error and briefs were required to be filed. Thus it appears that the contention made by counsel is not supported by the record.

In the memorandum filed in support of the motion counsel for appellant sets forth an additional reason for his failure to file his briefs. The claim is made that because of illness he was prevented from preparing and filing his briefs within time. No mention is made respecting assignments of error. While the motion by its terms is not based on the fact that counsel was ill, nevertheless, the court will consider and pass on this matter. Affidavits of counsel and his attending physician are filed in support of this claim. These affidavits clearly indicate that the senior counsel during the summer months was suffering from an illness which prevented him from doing all his legal work and that by reason thereof some of his work was neglected. However, the affidavits clearly show that senior counsel was able to go to his office a considerable portion of the time. The record fails to show that senior counsel was unable to make application to the court within time for an extension of time to file assignments of error and briefs. While the record shows that the junior counsel associated with senior counsel in the practice of law was inexperienced in the preparation of briefs, the record fails to show that the junior counsel was unable to file the necessary application within time. Under the former rulings of this court, sustained by our Supreme Court, the record does not present facts sufficient to constitute "good cause." **Anderson v. Indus. Comm., 135 Oh St 77.** For former rulings of this court in similar situations see **Peck v. County Commissioners, 28 Abs 702; Seifer v. Indus. Comm., 29 Abs 52; Brown, Gdn. v. Brown, 35 Abs 527; Shank v. Union Central Life Ins. Co. 36 Abs 265.**

The motion for extension of time will be overruled. The motion to dismiss the appeal will be sustained.

Judgment of the trial court is hereby affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.