RENNER, Treas., Plaintiff-Appellee, v. RABKIN et, Defendants-Appellees, and PAUL, Defendant-Appellant.

Ohio Appeals, First District, Hamilton County.

No. 7010. Decided November 22, 1948.

Carson Hoy, Cincinnati, Melvin G. Rueger, for plaintiff-appellee.
Milton H. Schmidt, Cincinnati, for defendants-appellees.
Stewart S. Cooper, Cincinnati, for defendant-appellant.

**OPINION**

By HILDEBRANT, J.:

This is a suit in the name of the County Treasurer to foreclose the lien for taxes on delinquent lands of the appellees. Following the procedure outlined in the Code, the cause proceeded to sale by the sheriff, where appellant became the high bidder. The order for sale was returned and filed by the sheriff on May 28th, 1948.

On June 1, 1948, on motion, after notice to all parties, it appearing to the court that appellees had paid to the Clerk of Courts the full sum of the judgment plus interest and costs as required by §11690 GC, the sale was set aside and held for naught and the property redeemed to the judgment debtors.

The appeal on questions of law is from that action of the Court.

No bill of exceptions is filed herein, so that the Court is limited to determining from the record before it the question as to the power of the Court to make the order here challenged.

It is contended by appellant that by virtue of §5724 GC, no right of redemption exists unless exercised before foreclosure proceedings have been instituted.

Sec. 5724 GC, reads:

"All delinquent land upon which the taxes, assessments, penalty or interest have become delinquent, may be redeemed at any time before foreclosure proceedings thereon have been instituted, by tendering to the county treasurer the amount then due and unpaid."

That section merely permits redemption of all delinquent lands before the institution of foreclosure proceedings by tender of payment to a particular official—the County Treasurer. It contains no language importing it to be the exclusive mode of redemption, nor of barring all further opportunity of redemption. Under this section is cited Freedman v. Van Antwerp, 14 O. C. C. (n. s.) 333, wherein this Court held:

"The owner of real estate, ordered sold in satisfaction of a lien for unpaid taxes or assessments, may redeem the property at any time before confirmation by payment of such taxes or assessments with penalties."

It further appears that the statutes here invoked for sale of the delinquent lands grant the right to redeem upon proper payment prior to confirmation of the sheriff's sale. **Sec. 5718-3 GC,** provides in part:

"The proceedings for such foreclosure shall be instituted and prosecuted in the same manner as is now or hereafter may be provided by law for the foreclosure of mortgages on land in this state, excepting that if service by publication is necessary, such publication shall be made once a week for three consecutive weeks instead of as provided by §§**11295** or **11298 GC,** and the service shall be complete at the expiration of three weeks after the date of the first publication."

The law relating to foreclosure of mortgages, to which we are directed, §**11690 GC,** provides:

"JUDGMENT DEBTOR MAY REDEEM ANY TIME BEFORE CONFIRMATION. In sales of real estate on execution or order of sale, at any time before the confirmation thereof, the debtor may redeem it from sale by depositing in the hands of the clerk of the court to which such execution or order is returnable, the amount of the judgment or judgments or decree upon which such lands were sold, with all costs, including poundage, and interest at the rate of eight per cent per annum on the purchase money from the day of sale to the time of such deposit; or, if it be made in vacation, to the first day of the next term, except where the judgment creditor is the purchaser, the interest at such rate on the excess above his claim. The court thereupon shall make an order setting aside such sale, and apply the deposit to the payment of such judgment or judgments or decree and costs,

**336**

and award such interest to the purchaser, who shall receive from the officer making the sale the purchase money paid by him, and the interest from the clerk. Nothing in this section shall take away the power of the court to set aside such sale for any reason for which it might have been set aside prior to the enactment hereof."

Under the above section, it seems clear the right of redemption remained in the judgment debtor and that the court had power to so order, as it did prior to confirmation.

In addition, it would appear that the statute preserves any equitable power reposing in the court to set aside judicial sales even after confirmation.

Having concluded that the statutes gave the right to redeem here exercised, this opinion will not be extended to other contentions argued.

The judgment is affirmed.

MATTHEWS, PJ, ROSS & HILDEBRANT, JJ, concur in syllabus, opinion & judgment.