**HOFFMAN CANDY COMPANY, Plaintiff-Appellee, v.
DEPARTMENT OF LIQUOR CONTROL et,
Defendants-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 4357. Decided November 17, 1949.

Jenkins, Schuessler, Wendt & Gill, Columbus, for plaintiff-appellee.
Herbert S. Duffy, Atty. Genl., Charles T. Kaps, Asst. Atty. Genl., Columbus, for defendants-appellants.

### OPINION

By THE COURT.

Submitted on motion by the plaintiff-appellee seeking an order dismissing the appeal for the reason that the defendants-appellants have failed to file a bill of exceptions as required by §11564 GC. Counsel for the appellants admit that a bill of exceptions has not been filed in compliance with §11564 GC, but urges that the same has no application; that the Code has application only when the decision is not entered on the record, which is not the fact in the instant case; that on the contrary the decision of the trial court appears on the record, the same being the basis of this appeal. The failure to file a bill of exceptions within the time fixed by law does not deprive the court of jurisdiction to entertain an appeal in the case, but does incapacitate the court to construe the contents of the bill of exceptions for any purpose. Where it is claimed that the errors complained of appear from the pleadings and transcript of docket and journal entries, no bill of exceptions need be filed. **Hulett v. Hulett, 18 Abs 63.**

Any error disclosed by the pleadings may be reviewed by the appellate court without the necessity of a bill of exceptions. **Hughes v. Roberts, 18 Abs 62.**

The motion to dismiss will be overruled.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.