## CLEVELAND BUILDING LABORERS' UNION, Plaintiff-Appellant, v. BOARD OF LIQUOR CONTROL et, Defendants-Appellees.

Ohio Appeals, Second District, Franklin County.

No. 4446.   Decided August 31, 1950.

Harold T. Gassoway, Cleveland, Ray E. Hughes, Columbus, for plaintiff-appellant.

Hon. Herbert S. Duffy, Atty. Genl., Charles T. Kaps, Asst. Atty. Genl., Columbus, for defendants-appellees.

### OPINION

By THE COURT.

Submitted upon motion of the appellees seeking an order dismissing the appeal on questions of law upon the following grounds:

1. Appellant has failed to file a bill of exceptions within the time allowed by statute.

2. Appellant has failed to properly prosecute this appeal, in that (a) appellant has failed to file a brief within the time allowed by the rules of this court; (b) appellant has failed to file an assignment of errors within rule.

Counsel for the appellant admits the charges set forth in the motion, but is resisting same for two reasons: (1) No bill of exceptions is necessary to exemplify the errors complained of; (2) The assignment of errors and brief were not filed in accordance with Rule VII due to the illness of one of counsel and illness in the family of the other counsel. This Court has recently held that the filing of a bill of exceptions is not essential to the perfecting of an appeal where the error complained of is disclosed by the pleadings or transcript of docket and journal entries. **Hoffman Candy Co. v. Department of Liquor Control, 56 Abs 257.** Therefore the first branch of the motion is not well taken.

The second branch of the motion should be sustained since no good cause is shown for noncompliance with the rule. **Doe v. Roe, 54 Oh Ap 145; Parrott v. Parrott, 42 Abs 413.**

The appellant has also filed a motion seeking leave to file assignment of errors and brief out of rule, supporting it only by the following statement in the brief:

"Due to the illness of Harold T. Gassoway of Cleveland, Ohio, leading counsel in this case, he has been unable to perform little, if any, of his tasks as a lawyer, and therefore has been unable to prepare and file assignment of errors and brief in this case.

"Because of ill health in the family of R. E. Hughes, associate counsel for plaintiff-appellant, and other factors over which he had no control, he has been unable to properly assist leading counsel with reference to this appeal."

We are of the opinion the statements of counsel are quite indefinite and are insufficient to meet the requirements of the rule. It will be noted that one of counsel was able to perform only "little, if any, of his tasks as a lawyer, * * *." As the court pointed out in the Parrett case, supra, when the appellant finds the time for filing assignments of error and brief is about to elapse an application should be made for an extension of time, which is usually granted. It appears from the statement of counsel that either of them might have made such a request.

The motion for leave to file out of rule will be overruled and the judgment affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.