**SCHWEIBOLD et, Plaintiff-Appellee, v. SCHWEIBOLD et, Defendants-Appellees; BLOCK, Defendant-Appellant.**

Ohio Appeals, Second District, Greene County.

No. 521. Decided April 23, 1951.

192

Miller & Finney, Xenia, for plaintiff-appellee.
Wead & Aultman, Xenia, for defendant-appellant.

**OPINION**

By THE COURT:

Submitted on motion of Appellee to affirm the judgment for the reason that the error assigned is not exemplified by the record.

The appeal has been perfected. More than 50 days has elapsed since the filing of the notice of appeal. There has been filed in this court what has been designated "PARTIAL TRANSCRIPT OF HEARING ON DECEMBER 5, 1951." It bears the caption of the case and carries what purports to be the testimony of Kathrina S. Block on direct examination.

The transcript does not conform to §11571 GC. It is not a bill of exceptions signed and allowed by the trial judge nor is it an agreement of the parties that it is a true bill of exceptions.

The error assigned requires consideration of the evidence heard and considered at the trial of the cause. It is not claimed that any determinative fact is admitted in the pleadings nor does any journal or special finding of fact or law set forth any basis upon which the issue may be resolved.

Appellant cites **Hoffman Candy Co. v. Department of Liquor Control, 56 Abs 257** and **Cleveland Building Laborers Union v. Board of Liquor Control, 59 Abs 161.** In both of these cases the error complained of was disclosed by the pleadings or transcript of docket and journal entries. Here it is necessary to resort to the evidence which is not properly brought into the record to reach the error of which complaint is made.

Upon the state of the record the motion must be sustained and the judgment affirmed. **Tenesy v. City of Cleveland, 133 Oh St 251,** 2nd syl.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.