### GINN v. TRIPPETT et al.

Common Pleas Court, Hamilton County.

No. A-132722.   Decided October 10, 1952.

Cowell & Fletcher, Cincinnati, for plaintiff-appellee.
Louis J. Schneider, Jr., Cincinnati, for defendants-appellants.

## OPINION

By BADER, J.

This cause comes before this Court to be heard on the motion of the plaintiff-appellee to dismiss the appeal for two reasons, to-wit:

1. The rule of Court has not been complied with, and

2. Notice of appeal was not filed within twenty days from the date of the first judgment.

It appears from the transcript of the docket and journal entries that the motion for judgment notwithstanding the verdict was filed on April 4, 1952 and thereafter on April 18, 1952, a judgment was entered against the defendants-appellants for $525. No disposition was made of the motion for judgment notwithstanding the verdict until May 26, 1952, when it was overruled and, in the same entry, overruling the motion another judgment was entered for $525. On this same date notice of appeal to the Court of Common Pleas on questions of law was filed. No notice of appeal has been filed in connection with the first judgment entered. No motion for a new trial has been filed as to either judgment entry. No assignments of error were filed in accordance with Rule XXVIII of this Court until two days after the motion to dismiss the appeal was filed.

The assignments of error were filed ninety-six days after the date of the second judgment entry, and one hundred and thirty-four days after the date of the first judgment entry.

Counsel for defendants contends that the first judgment entry does not prevail because the same was placed on record without his signature and without notice, and that the time should begin to run from the date of the second judgment entry, to-wit: May 26, 1952, which bears the signatures of all counsel concerned.

It appears that it is the law that when a valid judgment has been entered and then re-entered at a later date without vacating the first judgment, the date of the first judgment is the date from which to compute the time for perfecting an appeal. See **M. J. Rose Co. v. Ross, 23 Oh Ap 23,** 154 N. E. 346.

The first judgment entry in the case before this Court was entered on April 18, 1952, without disposing of the motion for judgment notwithstanding the verdict. On May 26, 1952, another judgment entry was recorded giving a judgment for the same amount and overruling the motion for judgment notwithstanding the verdict without vacating the original judgment entry.

It appears to the Court that if the time for appeal begins to run from the date of the first judgment for one purpose it should begin to run from the date of the first judgment for all purposes.

Sec. 12223-4 GC provides when an appeal is deemed perfected.

"Sec. 12223-4 GC. Appeal deemed perfected, when. The appeal shall be deemed perfected when written notice of appeal shall be filed with the lower court, tribunal, officer or commission. Where leave to appeal must be first obtained, notice of appeal shall also be filed in the appellate court. After being duly perfected, no appeal shall be dismissed without notice to the appellant, and no step required to be taken subsequent to the perfection of the appeal shall be deemed to be jurisdictional."

Sec. 12223-7 GC provides for the time within which to perfect an appeal and reads in part as follows:

"Sec. 12223-7 GC. Time for perfecting appeal. After the journal entry of the final order, judgment or decree, has been approved by the court in writing and filed with the clerk for journalization, or after the entry of other matter for review, the period of time within which the appeal shall be perfected, unless otherwise provided by law, is as follows:

"1. In appeals to the supreme court, to courts of appeals or from municipal courts and from probate courts to courts of common pleas, within twenty (20) days."

If the first judgment entry prevails then the defendants-appellants have filed their notice of appeal too late. If the second judgment prevails then the notice of appeal is within time. The Court is of the opinion that the time for appeal begins to run from the first judgment, and is not within time.

Rule XXVIII of the Rules of Practice of this Court provide the time within which assignments of error on appeal on

questions of law shall be filed. The defendants-appellants are not only without time for filing their assignments of error computed from the date of the first judgment, but some forty-four days out of time from the date of the second judgment.

In the case of **Cleveland Bldg. Benevolent & Pro. Union v. Board of Liquor Control, Oh Ap,** 98 N. E. 2d 328, 329 syl. 2, the Court held:

"Motion to dismiss appeal because appellant failed to file briefs and assignments of error within time allowed by court rule, was sustained where no good cause was shown for non-compliance with rule." C. of A. Rule 7.

And in the case of **Costlo v. Sturm, Oh Ap,** 90 N. E. 2d 431, syl. 2, the Court held:

"Rule requiring appellant to file assignments of error and briefs within a specified time, has consistently been strictly enforced, and an appellant must secure extension of time, where he is unable to comply with rule because of delay in approval of bill of exceptions by trial court." Rule 7, C. of A.

In the case of **Costlo v. Sturm, Oh Ap,** 87 N. E. 2d 597, 598, syl. 1:

"Where appellant fails to file his assignments of error and briefs within 50 days after date of filing notice of intention to appeal as required by court rule, the appeal will be dismissed unless good cause is shown for the failure."

**State ex rel. Moore v. Smith, Sheriff,** 84 Oh Ap 93, 85 N. E. 2d 608; **State of Ohio v. Moore,** 84 Oh Ap 91, syl. 1, 85 N. E. 2d 595; **Maxwell Finance Co. v. Morton Show Case Co.,** 84 Oh Ap 94, syl. 1, 85 N. E. 2d 599; **Renner, Treas, v. Rabkins,** 84 Oh Ap 309, 87 N. E. 2d 178.

The Court is of the opinion that:

1. Time of appeal on questions of law begins to run from the date of the first judgment if it has not been vacated;

2. Notice of appeal filed more than twenty days after the date of the first judgment is out of time and too late; and

3. Assignments of error filed without leave of Court one hundred and thirty-four days after the first judgment entry, and ninety-six days after the date of the second judgment entry and the notice of intention to appeal, is not within the time required by the rule of this Court and the motion to dismiss the appeal should be granted.