**SORRELL et, Plaintiffs-Appellees, v. UTACHT et, Defendants-Appellants.**

Ohio Appeals, Second District, Montgomery County.

No. 2386.   Decided July 2, 1956.

Shively, Shively & Shell, Dayton, By John H. Shively, of Counsel, for plaintiffs-appellees.

Nolan, Boesch & Wolff, Dayton, By William H. Wolff, of Counsel, for defendant-appellant, Herman Utacht.

Otterbein Creager, Dayton, for defendant-appellant, Sara C. Utacht, formerly Sara C. Brown, now Sara C. Johnson.

## OPINION

By THE COURT:

Submitted on application of appellants for leave to file bill of exceptions, assignment of errors and briefs, and on motion of appellees to dismiss the appeal.

On April 13th, 1956 appellants filed notice of appeal on questions of law. Nothing more was filed by appellants until application for leave to file bill of exceptions, etc., was filed on June 15th, 1956. The forty-day period within which a bill of exceptions is required to be filed (§2321.05 R. C.), expired on May 23d, 1956, and none was filed. The fifty-day period within which assignment of errors and briefs are required to be filed under Rule VII expired on June 2d, 1956, and none were filed. Counsel for appellants states that one of the appellants was absent from the State and not able to prepare and file the bill of exceptions, assignment of errors and briefs within time. No showing is made or attempted to be made of the incapacity of counsel during this period of time. No "good cause" is shown within the meaning of Rule VII.

Appellees filed the requisite motion to have the clerk prepare and file in the Court of Appeals a transcript of the docket or journal entries with the original papers as provided in §2505.08 R. C. The last sentence in that section provides:

"If the transcript and papers are not filed within said time either party may apply to the court to which the appeal is taken to have the case docketed and the court shall order them filed."

Appellants claim that this statutory provision permits this Court to fix the time within which to file bill of exceptions, assignment of errors and briefs. The word "transcript" as used in the quoted part of §2505.08 R. C., refers to the transcript of the docket or journal entries. and not to the "transcript of the testimony or bill of exceptions." The failure to file a bill of exceptions does not necessarily require a dismissal of the appeal, as there may be errors assigned which are exemplified on the face of the record.

The filing of assignment of errors and briefs is controlled by rule of Court. Rule VII. Sec. 2505.21 R. C., provides that:

"Failure to file such briefs and assignments of error within the time prescribed by the court rules is cause for dismissal of such appeal."

This Court has many times ruled that the appeal will be dismissed

for failure to file assignment of errors and briefs within fifty days after filing of notice of appeal on questions of law. **Hall v. Hall, 62 Abs 119,** 106 N. E. (2d) 661; **Miami Motor Sales, Inc. v. Singleton, 62 Abs 244,** 107 N. E. (2d) 130; **Miller v. Miller, 62 Abs 369,** 107 N. E. (2d) 412; **State, ex rel. Merrill v. Moore, 83 Oh Ap 525,** 82 N. E. (2d), 323; **Price Bros. v. Walter, 65 Abs 442,** 115 N. E. (2d) 12. See also **Anderson v. Industrial Commission, 135 Oh St 77,** 19 N. E. (2d) 509.

Application of appellants is denied. Motion of appellees to dismiss appeal for failure to file assignment of errors and briefs within the time prescribed by Rule VII is sustained.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.