JOHNSON, APPELLEE, *v.* LAWRENCE ET AL., APPELLANTS.

(No. 544—Decided September 26, 1957.)

*Messrs. McCulloch, Felger & Fite,* for appellee.
*Mr. Joseph J. Murphy,* for appellants.

*Per Curiam.* This cause is submitted on the motion of appellee to dismiss the appeal on questions of law for the reason that appellants have failed to file their assignments of error,

briefs and bill of exceptions within the time prescribed by Rule VII, and to assess damages and counsel fees to appellee for the reason that the appeal was taken without reasonable grounds as provided in Section 2505.35, Revised Code.

First. The failure to file a bill of exceptions does not necessarily work a dismissal of the appeal. However, the record shows that the appellants filed their notice of intention to appeal on June 28, 1957, and to date have failed to file assignments of error or briefs. The time within which to file assignments of error and briefs under Rule VII having expired, the motion to dismiss the appeal is sustained.

Second. Under the provisions of Section 2505.35, Revised Code, if the appeal is dismissed for want of prosecution, "as part of the costs in the case there may be taxed a reasonable fee of not more than twenty-five dollars, to be fixed by the court, for the counsel of the appellee." This section provides further:

"If the appellate court certifies in its judgment that there was reasonable cause for the appeal, neither such fee, additional interest, nor damages shall be taxed, adjudged, or awarded."

The burden is on the appellants to show "reasonable cause for the appeal." In the instant case, the appellants have not filed in this court anything except a transcript of the docket and journal entries. Appellants have not filed a memorandum in answer to the motion which is now under consideration. Furthermore, the record discloses that this is an action in forcible detention filed in the Municipal Court of Piqua, wherein the trial court ordered appellants evicted. An appeal was taken to the Common Pleas Court of Miami County which affirmed the judgment and on motion duly filed taxed as costs $25 as a fee to counsel for appellee and assessed damages against the appellants in the sum of $50 on the ground that there was no showing that there was a reasonable cause for the appeal. Again, appellants have failed to show reasonable cause for the appeal. The court taxes as a part of the costs the sum of $25 as a reasonable fee for appellee's counsel.

With respect to the assessment of damages, Section 2505.35, Revised Code, provides:

"The court may grant damages to the appellee in any reasonable sum not exceeding two hundred dollars, unless the judg-

ment or final order of the trial court directs the payment of money and execution thereof was stayed on appeal in the appellate court.''

The judgment of the trial court was eviction of the premises, and not for the payment of money. The provision of the statute is permissive, and not mandatory. This court, in the exercise of sound discretion, may or may not assess damages. In the appeal to this court the Common Pleas Court of Miami County fixed a supersedeas bond at $1,000, which was duly filed. One of the conditions of the bond is that if the appeal is dismissed the appellants will pay all costs and damages finally adjudged against them, including all rents accruing during the pendency of this appeal. This court is of the opinion that the bond affords sufficient protection to the appellee with respect to damages. The appellee has not presented any facts or sought to make any showing of his right to special damages. The second branch of the motion is overruled.

*Judgment accordingly.*

HORNBECK, P. J., WISEMAN and CRAWFORD, JJ., concur.