MAYSE, APPELLEE, *v.* SHANNON BUICK COMPANY, APPELLANT.

(No. 2568—Decided January 28, 1960.)

*Messrs. Altick & McDaniel,* for appellee.
*Messrs. Nolan, Wolff & Sprowl,* for appellant.

*Per Curiam.* This case is submitted on two motions of plaintiff, appellee herein, to dismiss the appeal on the ground that the bill of exceptions and briefs were not filed within the time prescribed by rule of court.

Notice of appeal on questions of law was filed October 27, 1959. Almost three months have elapsed and no bill of exceptions has been filed. Assignments of error and briefs were filed by the appellant on January 22, 1960, after this matter was submitted for opinion.

The failure to file a bill of exceptions does not necessarily require a dismissal of the appeal, as the errors complained of may appear on the face of the record. *Sorrell* v. *Utacht,* 78 Ohio Law Abs., 328, 152 N. E. (2d), 547. In the instant case, the appellant claims that the errors complained of appear on the face of the record.

Under Rule VII, Rules of the Courts of Appeals, the time to file briefs expired on December 11, 1959. Counsel for appellant claims the failure to file briefs was due to the illness of the

senior member of the firm of attorneys, which is composed of three members, of which the trial counsel is the junior member. It is stated that the illness of the senior member increased the burden of trial counsel to the point where it was impossible to find sufficient time for the preparation of the briefs. These facts are set forth in a brief contra the motion to dismiss, rather than by affidavit which would have been the proper procedure, but **we** accept the truth of the facts stated.

No request for an extension of time within which to file briefs and assignments of error was ever filed.

In his memorandum counsel for appellant states "counsel fully intended to seek the court's permission for an extension of time, but even this was lost sight of during December and January. * * * When he returned to his office, the matter of filing the brief or seeking an extension of time for doing so, was regrettably temporarily forgotten in the rush to catch up on day-to-day matters of his own clients and those of the senior partner."

Section 2505.21, Revised Code, in part provides:

"Failure to file such briefs and assignments of error within the time prescribed by the court rules is cause for dismissal of such appeal."

Subdivision D of Rule VII, Rules of the Courts of Appeals, in the first paragraph provides:

"Upon failure of the appellant to file his bill of exceptions, assignments of error, briefs or trial briefs as herein required, unless good cause is shown to the contrary, the cause will be dismissed for want of prosecution or otherwise disposed of at the discretion of the court."

The appellant is required to show "good cause" for failure to file briefs within the time prescribed, otherwise the appeal will be dismissed. Has "good cause" been shown? In *State, ex rel. McClelland, v. Edie,* 33 Ohio Law Abs., 141, 33 N. E. (2d), 421, where this question was before this court, the headnotes read as follows:

"1. An affidavit seeking to justify delay in filing a brief fails to meet the requisite of good cause shown, even though the sickness set out of counsel and his family would have been adequate ground for extension of time for filing the brief, where no

such request was made and it does not appear that defaulting counsel could not at any time before the due date have made a request for extension.

"2. A motion to dismiss an appeal will be sustained under the rule of *stare decisis* for failure to file brief in the time prescribed by court rules, where no good cause is shown for the delay."

So, in the case at bar, the facts stated by counsel for appellant would have been sufficient to justify an extension of time, but no extension was requested. And it does not appear that at least one, and perhaps two, members of the firm of attorneys representing the appellant could not have made such request within time. See, also, *Keating* v. *Keating*, 49 Ohio Law Abs., 575, 77 N. E. (2d), 368; *Costlo* v. *Sturm*, 54 Ohio Law Abs., 284, 87 N. E. (2d), 597; *Ailes* v. *Michigan Motor Freight, Inc.*, 72 Ohio Law Abs., 402, 136 N. E. (2d), 160; 3 Ohio Jurisprudence (2d), 535, Section 600.

In *Anderson* v. *Industrial Commission*, 135 Ohio St., 77, 19 N. E. (2d), 509, the controlling statutory provision and rule were under consideration. In sustaining the order of the Court of Appeals dismissing the appeal the court, on pages 79 and 80, said:

"* * * Counsel for appellant also urge that illness of counsel who had personal charge of the cause constituted 'good cause' for not complying with the rule, but there is nothing in the record to show that associate counsel who conducted the trial of the case filed a motion to extend the time for filing briefs as provided by Rule VII.

"It will be observed from the foregoing that:

"First: The statute makes failure to file briefs within rule a cause for dismissal.

"Second: Rule VII requires briefs to be filed within fifty days after a notice of appeal is filed.

"Third: That rule not only recognizes the power to dismiss conferred by statute but provides a method to show good cause for an extension.

"Fourth: Counsel for appellant failed to file a motion for an extension.

"* * *

"As there is nothing in the record showing an abuse of discretion by the Court of Appeals in dismissing the appeal, the judgment is affirmed."

This court for many years has consistently adhered to the rule laid down in the above-cited cases. Furthermore, on an examination of the record in light of the assignments of error and brief which were filed out of rule, we find no prejudicial error in the action of the trial court.

Motions to dismiss for failure to file assignments of error and briefs within rule are sustained and the appeal dismissed.

*Appeal dismissed.*

WISEMAN, P. J., CRAWFORD and KERNS, JJ., concur.