Davis et al., Appellees, *v.* Schlosser, Appellant.

(No. 1207—Decided September 20, 1961.)

*Messrs. Bentley, Cory, Boesel & Leonard,* for appellees.
*Mr. John A. Robenalt,* for appellant.

*Per Curiam.* This cause is before this court on a motion of appellees to dismiss the appeal for failure of prosecution for the reason that appellant's brief and assignments of error were not filed within the time limited by Rule VII of the Rules of Practice of this court.

Upon hearing it appeared without dispute that a bill of exceptions was filed in this court on April 28, 1961; that the appellant at no time has sought leave of this court, for any reason, to have the time for filing his brief and assignments of error provided by rule extended; that the appellees' motion to dismiss this appeal was filed in this court on June 8, 1961; that on June 9, 1961, without any leave of this court being sought or given, the appellant filed his brief; and that same does not include any assignments of error, as such, but does contend that the decision of the trial court is against the weight of the evidence.

Under the Rules of Practice of this court the appellant's brief and assignments of error were both required to be filed "within twenty (20) days after the filing of the bill of exceptions with the clerk of the Court of Appeals." In the instant case, the twentieth day after the filing of the bill of exceptions was May 18, 1961, and appellant's brief and assignments of error were not filed until twenty-two days thereafter.

It is with extreme reluctance that this court, or any court, dismisses an appeal solely by reason of the failure of appellant to comply with procedural requirements, either statutory or by rule of court. Rule days, however, cannot be ignored, for there must be some orderliness in litigation and although the right of an appellant to prosecute his appeal must be given due protection, the right of an appellee to have litigation come to an end must likewise be protected. This court, and any appellate court, has broad discretion and exercises it liberally to extend rule days when timely motions for such extension have been filed and thus, in the usual case, protects the appellant in his right to prosecute his appeal.

However, under the facts and circumstances of the instant case, there being no application for an extension of time for filing the appellant's brief and assignments of error, the same having been filed beyond rule and without leave, and the only explanation given for failure to file within rule being that counsel, without checking the rule, misconceived the time for filing as being three times that provided by rule, it is the opinion of this court that for it now to approve the late filing of the brief and assignments of error, and to overrule the motion to dismiss the appeal, would, in itself, constitute an abuse of discretion.

For these reasons it is the opinion and decision of this court that the motion to dismiss the appeal for want of prosecution should be sustained.

This conclusion is the only conclusion that this court can arrive at consistent with its action taken in other similar cases since Rule VII has been adopted in its present form, and consistent with the determinations of other Courts of Appeals of Ohio in like cases. See *Johnson* v. *Lawrence*, 105 Ohio App., 262, and *Mayse* v. *Shannon Buick Co.*, 112 Ohio App., 113.

*Motion sustained.*

GUERNSEY, P. J., MIDDLETON and YOUNGER, JJ., concur.