DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF WYOMING

[OCTOBER TERM, 1914.]

## BROWN v. BROWN.

(No. 748; Decided February 13th, 1915; 146 Pac. 231.)

HUSBAND AND WIFE—PROCEEDINGS FOR TEMPORARY SUPPORT—SCOPE OF REMEDY—JURISDICTION—PROPERTY RIGHTS—FEES OF DISTRICT COURT COMMISSIONERS.

1. Proceedings under Section 3937 Compiled Statutes, 1910, are designed to secure the temporary support of a wife who is separated from her husband for just cause, while the marriage relation exists and the cause for separation continues.

2. An agreement made by a husband and wife, who have separated, concerning a division of property cannot be enforced in a proceeding brought under Section 3937 Compiled Statutes 1910, and a decree rendered in such a proceeding does not create a judicial separation, establish a permanent status for the future, nor finally adjudicate the property rights of the parties. Such an agreement can be enforced, if at all, in the courts by a civil action and not otherwise.

3. A District Court Commissioner is without jurisdiction to fix the amount of his fees for services performed in a proceeding before him. The Statute (Section 923 Comp. Stats. 1910) requires the District Court in which the service is rendered to fix the fees of the Court Commissioner, which fees shall be taxed as costs.

ERROR to the District Court of Sheridan County, HON. CARROLL H. PARMELEE, Judge.

The material facts are stated in the opinion.

*Camplin & O'Marr,* for plaintiff in error.

The remedy of a wife living separate and apart from her husband in a proceeding by her against her husband under Section 3937 Compiled Statutes, 1910, is limited to the support of the wife and children or either. (Arnold v. Arnold, 39 N. E. 862 (Ind.). Other payments may be ordered in the discretion of the court under the provisions of Section 3931 Compiled Statutes, 1910, pending actions for divorce. No suit money, or money to carry on, or to defend the action or counsel fees, are contemplated by Section 3937 and such cannot be allowed without exceeding the power given. (Therkelson v. Therkelson, 54 Pac. 885.) Permanent alimony, the adjudication of property rights and the enforcement of property agreements do not come within the scope of the section cited. A husband has a right to have the custody and control of his wife and to fix his domicile, where she must reside. (Am. Eng. Enc. of Law, 2 Ed. 812-814; Randall v. Randall, 37 Mich. 563; 10 Enc. P. & P. 199.) It must be shown that the wife is without fault before support may be decreed. (Margarum v. Margarum, 41 Atl. 357; 57 N. J. Eq. 249; Fowler v. Fowler, 49 Pac. 589.) The evidence is insufficient to support the judgment and the judgment is contrary to law. (Kusel v. Kusel, 81 Pac. 295; Fowler v. Fowler, 49 Pac. 589; Stanbrough v. Stanbrough, 60 Ind. 275; Schindle v. Schindle, 12 Maryland 294; Davidson v. Davidson, 47 Mich. 151, 10 N. W. 179; Wahle v. Wahle, 71 Ill., 510; Angelo v. Angelo, 81 Ill., 251; Cooper v. Cooper, 4 Ill. App. (4 Bradw. 439); Hogland v. Hogland, 10 Ky. Law Reps. 241; Houts v. Houts, 17 Ill. App. (17 Bradw. 439.) If the wife be guilty of misconduct contributing to the cause of separation, she is not entitled to recover. (Anderson v. Anderson, 45 Ill. App., 168; Meeker v. Meeker, 27 Atl., 78; Hunter v. Hunter, 7 Ill. App., (7 Bradw. 253); Van Duzer v.

Van Duzer, 70 Iowa, 614; 31 N. W. 956; Boyd v. Boyd, Harp. Eq., 144; Rhame v. Rhame, 1 McCord Eq., 197; 16 Am. Dec., 597.) The court will look to the provocation, as well as the reciprocal duties. (Mayhugh v. Mayhugh, 46 Ky. 425.) The allowance will be only so much in addition to the wife's own inheritance, as will maintain her in decency and comfort during separation. (Logan v. Logan, 41 Ky., 142.) A settlement will not be made detrimental to the husband's creditors, whose claims existed prior to the claim asserted by the plaintiff. (Spears v. Reed, 4 Ky. Law Reps., 894.) The allowance is not a personal judgment, as for alimony, but a mere temporary allowance. (Stanbrough v. Stanbrough, 60 Ind., 275.) The obligation of a husband to support his wife does not extend to supporting her outside of the matrimonial home, unless he refuse to do so there. (Richardson v. Stuesser, 103 N. W., 261; 125 Wis., 66; 69 L. R. A., 829; Thomas v. Thomas, 152 Ill., 577; 38 N. E. 794; Harris v. Harris, 109 Ill. App., 148; Scott v. Scott, 42 S. W., 836; Youngs v. Youngs, 78 Mo. App., 225; Price v. Price, 106 N. W., 657; 75 Nebr., 552; Dummer v. Dummer, 41 Atl., 149.) Profane or insulting language by the husband does not justify alimony. (Wise v. Wise, 38 S. E., 794.) Misconduct on the part of the wife will defeat a claim for support. (Harris v. Harris, 109 Ill. App., 148; Simms v. Simms, 74 S. W., 1074; Ross v. Ross, 109 Ill. App., 157.) The spouse first repudiating marital obligations must show freedom from fault in actions for separate maintenance. (Chapman v. Chapman, 104 N. W., 880; Kusel v. Kusel, 81 Pac., 295; Doole v. Doole, 148 Mass., 278; 10 N. E., 811.) It is error to render a judgment for a gross sum and to award execution therefor. (Chapman v. Chapman, *supra.*) It is error to make the allowance upon personal property of the defendant. (Harris v. Harris, 109 Ill. App., 148; Randall v. Randall, 37 Mich., 563.) The court should retain the case after allowance for the purpose of regulating the same. (Logan v. Logan, 41 Ky., 142; Lockridge v. Lockridge, 41 Ky., 258; Isaacs v. Isaacs, 89 N. W.,

268.) Wilful desertion will defeat a claim for support. (Bonney v. Purham, 102 Ill. App., 634; Peaks v. Mayhew, 48 Atl., 172; Palster v. Palster, 123 S. W., 81; Kline v. Hacbarth, 65 S. W., 1086.) Statutes authorizing allowances for support must be strictly construed. (Raab v. Raab, 150 Ill. App., 554; Herrett v. Herrett, 111 Pac. 867.) The wife must show that she is without fault. (Raab v. Raab, supra; Kingman v. Kingman, 150 Ill. App., 456; Kinsey v. Kinsey, 124 N. Y. Supp., 30; Garbrandt v. Garbrandt, 115 S. W., 210.) The proceeding is special and other claims cannot be engrafted upon it. (13 Current Law, 2200; Sharpe v. Sharpe, 134 Mo. App., 278; 114 S. W., 584; Shores v. Shores, 110 N. W., 16; 133 Iowa., 22.) The District Court Commissioner acted beyond his jurisdiction in awarding a money judgment, lien and execution. (Huhn v. Quinn, 128 Pac., 514; Sec. 922 Comp. Stats., 1910; Sec. 14, Art. 5, Wyo. Constitution.) The Court Commissioner awarded more than plaintiff asked for and thus exceeded his jurisdiction. It was erroneous to award a money judgment in a proceeding based upon a summary notice. (Sharpe v. Sharpe, 134 Mo. App., 278; Clisby v. Clisby, 81 Pac., 295.) The judgment was erroneous. (Benton v. Benton, 55 Pac., 152.) Separation is not favored by the courts. (Randall v. Randall, supra.) The door should be kept open for reconciliation. (Logan v. Logan, 41 Ky., 142; Lockridge v. Lockridge, supra; Brindley v. Brindley, 22 S., 448.) The petition is insufficient to confer jurisdiction under the statutes. (Fowler v. Fowler, 49 Pac., 589; 10 Enc. P. & P., 199; Simms v. Simms, 74 S. W., 1074; Chapman v. Chapman, supra.) Plaintiff was a non-resident and was not entitled to a homestead right. (Uhlman v. Abbott, 10 Wyo., 114; Alkius v. Alkius, 18 Nebr., 474; Smith v. Smith, 19 Nebr., 711; Simms v. Simms, 74 S. W., 1074.) The burden of proof is upon plaintiff to show she is living separate and apart from her husband without her fault. (Fowler v. Fowler, 49 Pac., 598.) The evidence shows that plaintiff was and had been

consorting with persons of bad repute. The judgment is void for want of jurisdiction.

*Enterline & LaFleiche,* for defendant in error.

The husband is the head of the household and is obligated by the marriage compact to protect, shelter and support his wife. Courts will require him to do this, whether the husband and wife are living together or separately, or whether proceedings for divorce are pending or not. Such is the purpose of the statute under which this proceeding was brought. Counsel contends that it was error to award the wife a lump sum. If an allowance is proper, it is immaterial whether it be allowed in a lump sum, or in installments. The discretionary powers of the court under Section 3937 are broad and its orders may be enforced in the same manner, as if made in a pending action.

District Court Commissioners are authorized to make any order, which a Judge of the District Court is authorized to make in chambers, if such Judge be absent from the county. (Subdiv. 1 of Sec. 922 Comp. Stats., 1910.) Such orders shall be approved, disapproved, reversed or modified by the District Court. (Sec. 925 Comp. Stats., 1910.) The Commissioner's order in this case was confirmed by the District Court on January 10th, 1913. Defendant filed a motion for a new trial on September 13th, 1913, setting forth assignments of error committed by the Court Commissioner. On January 18th, 1913, defendant filed another motion for a new trial, and moved the court to vacate the order and judgment of confirmation entered by the District Court on January 10th, 1913, as well as the Commissioner's order made and entered on the 6th day of September, 1912. The only proper remedy under defendant's motion of January 18th, 1913, would be a vacation of the confirmation order of the District Court. The only relief that defendant can obtain in this court would therefore be a reversal of the order made by the District Court confirming the Commissioner's proceedings. But, no grounds are set forth in defendant's motion for the vacation of the con-

firmation order, nor are errors specified therein. · Hence, no relief can be granted here. The motion for a new trial addressed to the District Court contains sixteen assignments of error, but that motion is inconsistent with the motion made by defendant to vacate the confirmation order. The confirmation order was the only final order made by the District Court and the only order reviewable under Section 5107 Compiled Statutes, 1910. The only proper method of attacking Commissioners' orders is by motion to the District Court to refuse confirmation thereof. This presents the question as to whether the Commissioner acted within his authority. Such an order was filed by defendant and the ruling of the District Court thereon is the only question reviewable here; but, there being no grounds of exception presented by defendant in that motion, the same must be disregarded. (School District Number Three v. Western Tube Company, 5 Wyo., 190.)

The procedure adopted by defendant resembles that of a case tried in the first instance in Justice Court and thereafter carried to the District Court and a trial *de novo* had . and the defeated party in the District Court cut across from the Justice Court to the Supreme Court, assigning, as grounds for a new trial, errors alleged to have been committed by the Justice of the Peace. The ruling of the District Court not being assigned as error, or mentioned in the motion for a new trial, said ruling is not before this · court for review and defendant is not entitled to any relief whatsoever in this court.

*Camplin & O'Marr,* in reply.

The proceedings under Section 3937 Compiled Statutes, 1910, are summary and the Judge will not go beyond the power confered by· the statute. In the exercise of that power, allegations and proof are necessary, showing that the failure of the husband to support the wife is not due to a fault of hers. The section does not contemplate a general litigation, trial and judgment upon matters arising between husband and wife properly triable in a civil action. The

Court Commissioner was without jurisdiction to finally adjudicate property rights between the parties and the District Court was without jurisdiction to affirm such a judgment. Objections to the confirmation of the Commissioner's orders were filed by defendant. This was sufficient, even though no jurisdictional questions were raised. (Atchison v. Arnold, Administrator, 11 Wyo., 351.) School District v. Western Tube Company, 5 Wyo., 190, cited by counsel, is not in point. It is the judgment given by the Commissioner, that is relied upon by plaintiff. Defendant's objections are to the jurisdiction and authority of the Commissioner and are well taken. (Perkins v. McDowell, 3 Wyo., 328; Dobbins v. Owens, 5 Wyo., 85; Sebel v. Bath, 5 Wyo., 409; First National Bank v. Swan, 3 Wyo., 356; Atchison v. Arnold, 11 Wyo., 355.) The Commissioner's attempted judgment was not an order for support, as contemplated by Section 3937. The numerous items awarded plaintiff therein clearly indicate an intention on the part of the Commissioner to finally adjudicate property rights between the parties. This was unauthorized and improper. (13 Current Law, 2200; Sharp v. Sharp, 134 Mo. App., 278; 114 S. W., 584; Clisby v. Clisby, 49 So., 445; Kusel v. Kusel, 81 Pac., 295.)

BEARD, JUSTICE.

This case seems to be an attempt on the part of defendant in error, who was plaintiff below, to combine a special proceeding for separate maintenance and an action at law to recover on an alleged contract for the payment of money. The petition which was filed in the District Court by the defendant in error against the plaintiff in error alleges, in substance, that the parties are husband and wife, having been married in 1903, and having lived together as such until about January 22, 1912, since which time they have been living separate, and that no action for divorce is pending between them. That for a long time prior to the date of their separation they had occupied certain described premises situated in Sheridan as a homestead. That for

a long time prior to January 22, 1912, defendant falsely accused plaintiff, his wife, of the crime of adultery and also made such accusations to a number of her friends. That, when he was absent from his home, he addressed to her a number of postal cards and cartoons, insulting in their nature and character, and accusing her thereby with unfaithfulness to her marriage vows, and that he also placed her under surveillance. That said manner of persecution became unbearable, and that she left the home and has since lived separate and apart from her husband. That since she left the home he has failed to contribute to her support except the sum of $20.00; that she has been compelled to earn her own livelihood. That said homestead was of the value of $5,000, and that defendant owned other property, viz: household furniture, $900; saloon, stock and fixtures, $5,000, and some money. It is then alleged that about February 7, 1912, the defendant desired to sell said homestead and agreed that if she would sign the deed therefor he would pay her one-half of the selling price, and would also pay her one-half of the selling price of other property, when sold by him; and that the homestead was sold for $5,000. That defendant had failed to pay her $2,500, the one-half of the price of the homestead, and one-half of the money obtained from the sale of household goods. That one hundred dollars per month was a reasonable amount for her maintenance. She prayed for judgment for $2,500, the one-half price of the homestead, and for one-half of the selling price of the furniture, etc.; for $100 per month for her maintenance and support, and for attorney's fees and suit money.

The petition was filed August 28, 1912, and notice served on defendant the same day, that the plaintiff would on September 3, 1912, apply to the District Court, or, if the court was not in session, to the judge thereof, or in his absence to the Court Commissioner for an order requiring the defendant to pay to plaintiff the several sums prayed for. The matter came on for hearing before the Court Commissioner, and the defendant filed his answer wherein he ob-

jected to the jurisdiction of the Court Commissioner to try
or determine any questions relative to the alleged agree-
ments for the payment by defendant to plaintiff of one-half
of the proceeds of the sale of property, or to hear and
determine any matters except whether the plaintiff was en-
titled to contribution from her husband for her support, and
if found so to be, to make an order therefor. He denied
the charges made against him; alleged misconduct on her
part by associating with other men against his protest; that
she wilfully deserted him and left their home without his
consent and during his temporary absence therefrom, and
denied that she left for the causes alleged by her.

The Commissioner made findings and conclusions as fol-
lows: "The said Commissioner does find that he has juris-
diction of the parties hereto and of the subject-matter in
controversy, and upon the issue joined and upon the evi-
dence submitted, does find generally for the plaintiff and
against the defendant, and does further find as follows:
That the sum of Fifteen Hundred ($1,500.00) Dollars is a
reasonable sum for the support of the plaintiff and that the
defendant should be required to pay to the said plaintiff the
said sum of Fifteen Hundred ($1,500.00) Dollars, in the in-
stallments and at the times hereinafter set forth. That the
said plaintiff should be allowed One Hundred ($100.00)
Dollars expense money in attending the hearing of the above
entitled proceeding, and the further sum of Two Hundred
Fifty ($250.00) Dollars, attorneys' fees in commencing said
proceedings and for the conducting thereof, together with
the costs of this proceeding, including the sum of Fifty
($50.00) Dollars Commissioner's fees. That each and all
of the said sums, together with the costs of this proceeding,
should be charged and made a lien upon the personal prop-
erty of the defendant, consisting of wines, liquors and
cigars, bar-room fixtures and merchandise of every kind,
character and description, now situated in the saloon of said
defendant in the City of Sheridan, Wyoming, and used
in the conduct of said saloon business by said defendant.
That said defendant should be enjoined from in any man-

ner encumbering or disposing of said property hereinbefore mentioned, until the payments herein required to be made be paid and satisfied, save and excepting in the ordinary and usual course of conducting said saloon business, upon condition, however, that goods, merchandise and personal property so disposed of in said business in the ordinary and usual conduct thereof, shall be replaced by other property of the same kind and character, out of the proceeds arising from such sale."

The judgment given, made and entered by the Commissioner is, substantially, in the language of the findings above set out, making it a lien on the property described and enjoining any sale thereof except as stated, and requiring the $1,500 to be paid in monthly installments of $100 each, and the exepense money and attorneys' fees to be paid forthwith; and then adjudges, "That the allowance herein made and the judgment hereby given be and the same hereby is considered permanent and a final adjudication of the property rights of the parties hereto." Defendant filed a motion for a new trial, which was denied.

The plaintiff moved the District Court to confirm the judgment of the Court Commissioner. The defendant filed his objections to the findings and judgment and asked that the same be set aside. The court overruled the objections and exceptions of defendant and approved and confirmed the judgment of the Commissioner. Defendant brings error.

The statute relied upon to support these proceedings is Section 3937, Comp. Stat., 1910, and is as follows: "When the husband and wife are living separately, or when they are living together, but the husband failing and neglecting to contribute to the support of the wife and children, or either, and no proceeding for divorce is pending the wife may, in behalf of herself or minor children, if any or either, institute a proceeding by petition setting forth fully her case and, upon five days' notice to the husband, if he can be served personally with notice in the state, the judge may hear the same in term or vacation, and grant such order

concerning the support of the wife and children or either, as he might grant, were it based on a pending proceeding for divorce, to be enforced in the same manner, together with any remedy applicable in a court of equity, such as appointing a receiver and the like."

It is perfectly clear that such contracts or agreements as the plaintiff alleges in her petition in this proceeding to have been entered into between herself and her husband, viz: that on a sale of his property he would pay her one-half of the proceeds, can be enforced, if at all, in the courts by a civil action and not otherwise. It is equally clear that in this proceeding neither the court, the Judge nor the Court Commissioner had jurisdiction to make a permanent and final adjudication of the property rights between the parties. For those reasons alone the judgment in this case was erroneous and will have to be reversed. But as the case will have to be remanded for further proceedings it is proper to state that the award of a sum in gross for the maintenance of the wife is not contemplated by the statute. In Doole v. Doole, 144 Mass., 278, (10 N. E., 811) the court said: "The provision of the statute, that the court may make such 'order as it deems expedient concerning the support of the wife', must be construed with reference to the nature and purposes of the proceeding, and does not authorize a decree for a sum in gross, which looks to, and is based upon, the permanent future separation of the husband and wife. Such a decree may be proper where there has been a divorce, which establishes the permanent future status of the parties. But proceedings under this statute are designed to secure the temporary support of a wife who is separated from her husband for just cause, while the marriage relation exists and the cause for separation continues. A decree under the statute does not create a judicial separation, nor establish a permanent status for the future." See also Kusel v. Kusel, (147 Cal., 57) ; 81 Pac., 295, and authorities therein cited, and Chapman v. Chapman, 74 Neb., 388; 104 N. W., 880. We deem it proper, also, to call attention to Section 923, Comp. Stat.,

1910, which provides that "the fees of the District Court Commissioner shall be fixed by the District Court in which their services are rendered and shall be taxed as costs." For the reasons above stated the judgment of the District Court is reversed and the cause remanded for further, proper proceedings not inconsistent with this opinion.

*Reversed.*

POTTER, C. J., and SCOTT, J., concur.