Elmer R. ULRICH, Appellant,
(Defendant below),

v.

Frances M. ULRICH, Appellee,
(Plaintiff below).

No. 3006.

Supreme Court of Wyoming.

Nov. 21, 1961.

Walter B. Phelan, of Guy & Phelan, Cheyenne, for appellant.

Charles E. Graves, of Roncalio & Graves, Cheyenne, for appellee.

Before BLUME, C. J., and PARKER, HARNSBERGER and McINTYRE, JJ.

Mr. Justice HARNSBERGER delivered the opinion of the court.

On November 19, 1955, the parties herein, being then husband and wife, executed an agreement as a full and final adjustment of all their property rights, interests and claims, including the distribution of all property. Among its provisions are the following which have important bearing upon the issues involved here:

"1. That, except as hereinafter specified, each party hereto is hereby released and absolved from any and all obligations and liabilities for the future acts and duties of the other, and that each of said parties hereby releases the other from any and all liabilities, debts, or obligations of any kind or character incurred by the other from and after this date, and from any and all claims and demands, including all claims of either party upon the other for support and maintenance as wife or husband or otherwise, it being understood that this instrument is intended to settle the rights of the parties hereto in all respects forever, except as hereinafter provided.

"2. That any and all property acquired by either of the parties hereto from and after the date hereof, shall be the sole and separate property of the one so acquiring same, and each of said parties hereby respectively grants to the other all such future acquisitions of property as the sole and separate property of the one so acquiring the same.

"3. That each of said parties shall have an immediate right to dispose of or bequeath by will his or her respective interests in and to any and all property belonging to him or her from and after the date hereof, and that said right shall extend to all of the aforesaid future acquisitions of property as well as to all property, set over to either of the parties hereto under this agreement.

"4. That said parties hereto each hereby waive any and all right to the estate of the other left at his or her death and forever quitclaim any and all right to share in the estate of the other, by the laws of succession, and said parties hereby release one to the other all right to be administrator or administratrix or executor or executrix of the estate of the other and hereby release and waive all right to inherit under any will of the other and each of the said parties hereby waive any and all right of homestead in the real property of the other, and said parties hereby waive any and all right to the estate or any interest in the estate of the other for family allowance by way of inheritance, and from the date of this agreement to the end of the world said waiver of the other in the estate of the other party shall from the date of this agreement be effective and they shall have all the rights of single persons and maintain the same relation of such toward each other.

"5. The wife does and shall accept the provisions herein made for her in full satisfaction of her marriage rights under the State of Wyoming marriage law, and to her community property rights under the State of Colorado law, in full satisfaction of her right to support and maintenance, and does hereby agree to accept the sum of Five hundred dollars ($500.00) cash, of which

her signature hereto shall be receipt, in full and final settlement of all claims in lieu of alimony or support.

\* \* \* \* \* \*

"9. Husband hereby covenants and agrees that he will permit to his wife peaceful possession of the house in which she is now making her home, said covenant to be in effect in the event he should in the future come into position of ownership of said premises, and in said event the husband agrees that at said time the rent which she is paying will be no more than it is at the present time."

Thereafter the wife obtained a divorce, and the decree recognized the agreement as being a fair and equitable division of the property and interests of the parties and made it a part and to have the full force and effect of the decree.

Later on the former husband became the sole owner of the house and for a while fulfilled the covenant contained in paragraph 9. However, on or about October 14, 1959, the husband sold the house. This forced the former wife to move and obtain other similar accommodations at the increased rental of $65 per month plus a moving cost. Under these circumstances the former wife sued her former husband to recover the difference between the $40 per month rental and the amount she was required to pay for her new quarters, the cost of her moving, and attorney's fees. The court gave judgment that the former husband pay her $25 per month for life or until her remarriage, payments to commence from the date she vacated the house, together with interest at the rate of six percent per annum from date each payment was due; $40 for moving expense; $50 attorney fees; and $6.35 costs. From this judgment the former husband appeals.

During the course of the proceeding, the former husband demanded answers to nineteen interrogatories. The former wife refused to answer eleven of those interrogatories and the trial court did not require her to answer them.

The appellant contends there was reversible error (1) in the trial court's failure to require those answers, (2) in allowing the former wife attorney's fees, and (3) in its interpreting the agreement so as to require the former husband to pay the cost of moving and the difference between the $40 rent paid by former wife when living in her former husband's house and the increased cost of the quarters to which she was compelled to move by reason of his selling the house referred to in the agreement.

The eleven unanswered interrogatories called for answers as to the legal effect of the agreement. Her opinions would have been legal conclusions not within her knowledge and respecting matter she was not qualified to answer. Such an opinion may not be secured by interrogatories. See 2 Barron and Holtzoff, Federal Practice and Procedure, Rules Ed., § 768, pp. 435–436, and cases there cited.

Although a proper interpretation of Rule 26(b) and Rule 33, Wyoming Rules of Civil Procedure, admits of great latitude in the examination of a party by interrogatory, that privilege is not without its limitations. If the answer to a question may lead to the discovery of evidence or enlighten as to some phase of the issues, the interrogatory is permissible. It is as true that interrogatory may be used to obtain admission as to a relevant fact, but this does not extend to its use to elicit an expression of opinion as to existence of what may become a fact only by virtue of a correct legal conclusion. And as was said in Porter v. Central Chevrolet, Inc., D.C.Ohio, 7 F.R.D. 86, 88, after explaining that interrogatory may be used to force admissions and narrow issues:

"But that is a far cry from permitting parties to use the instrument of a rule to require another to collate, analyze, audit and state the effect of the contents of documents that the statute requires to be kept in pursuance of the execution of some public policy."

So here, it would be improper to require a party to analyze and state the effect of the agreement. We might add that these

interrogatories were improper because the inquirer was as able to do exactly that which he attempted to require of the plaintiff. See Nakken Patents Corporation v. Rabinowitz, D.C.N.Y., 1 F.R.D. 90, 92. Furthermore, the plaintiff was not required to give her contentions in answer to interrogatories or her legal conclusions respecting them. Caggiano v. Socony Vacuum Oil Co., D.C.Mass., 27 F.Supp. 240. Lastly, the interrogatories were improper because they propounded the ultimate questions to be decided by the court. Porter v. Montaldo's, D.C.Ohio, 71 F.Supp. 372.

We find the court was correct in not requiring answers to those improper interrogatories.

■ The court's allowance of attorney's fees was improper. While the divorce decree gave recognition to and approved the property settlement agreement theretofore entered into by the parties, that agreement constituted an independent contract settling their property rights, interests and claims irrespective of the later divorce proceeding. The instant action was not for divorce, for modification of a divorce decree, or to enforce the provisions of a divorce decree, but was a proceeding brought for breach of contract and to recover damages therefor. Such an action is not within the purview of § 20–58, W.S.1957, authorizing the court in a divorce action to require the husband to pay any sum necessary to enable the wife to carry on or defend the action. Nor is it within the extended authority given that statute by interpretations placed upon it which have held proper the allowance of attorney's fees for prosecuting appeals in such actions or in proceedings for modification of divorce decrees or for enforcement of such decrees. The action being purely upon contract and not for divorce or a divorce related action, the portion of the judgment allowing the former wife recovery of attorney's fees from her former husband was erroneous and to that extent it must be reversed.

With respect to the last contention of appellant, the facts are undisputed. The appellant did become the owner of the house occupied by the appellee at the time the agreement was made, and for which she was then paying a monthly rental of $40. The appellant did sell the house and the appellee was forced to and did move at an expense of $40 to other comparable quarters for which she was compelled to pay a monthly rental of $65. These facts establish the amounts she was damaged and entitled to recover if the sale of the house after acquiring its ownership, resulting in dispossession of the appellee, constituted a breach of the contract.

■ The appellant seeks to avoid the consequences of his own act in depriving the appellee of her $40 per month quarters by insisting that as the rights of the parties were settled by the agreement, which provided that any property acquired by either party after the agreement should be the sole and separate property of the one so acquiring it and that each party was given the right to dispose of any and all property belonging to him or her, the appellee had waived any right in the house which came into the appellant's ownership. Appellant also insists that because of the agreement's further provision that the parties released and absolved each other from any and all obligations for their future acts, duties, debts, and liabilities, the appellee was without recourse against appellant for her subsequent loss of the $40 per month rental property, notwithstanding she suffered that loss through the act of the appellant. To agree with such an unconscionable contention would violate a cardinal rule of construction, for it would leave unnoticed the ninth clause of the agreement and permit the appellant to abrogate the protection given the appellee by that provision. It also ignores that the very paragraph containing the provisions upon which appellant relies also specifically excepts from their application following provisions, of which paragraph 9 was one. There was no way appellee could prevent appellant from selling the house, thus forcing her to vacate the premises, but her right to occupy it at a

monthly rental of $40 had become vested as against the appellant the moment he became its owner. He had the right to sell his property, but when in so doing he violated his former wife's vested right, he breached his contractual obligation, and for this he was answerable in damages. The judgment of the trial court in making its award for those damages was correct and is upheld.

From what has been said, the judgment appealed from is sustained as to the award to appellee of $40 for moving costs and $25 per month for her life or until her remarriage, but is reversed as to the award of $50 attorney's fees.

Sustained in part and reversed in part.