BREWER, APPELLEE, *v.* BREWER, APPELLANT.*

---

*Motion to certify the record overruled, March 6, 1963. Appeal dismissed, 174 Ohio St., 317.

264

(No. 259—Decided June 11, 1962.)

Messrs. *Young & Jones*, for appellee.
Messrs. *Hopkins & Hopkins* and *Mr. Scott H. Ray, Jr.*, for appellant.

HILDEBRANT, J.   On June 3, 1961, a judgment for plaintiff in a divorce action was entered in the Court of Common Pleas of Warren County.   On July 6, 1961, entry overruling defendant's motion for new trial was entered.   On July 15, 1961, defendant filed notice of appeal on questions of law and fact.   On November 4, 1961, this court, after hearing, reduced the appeal to one on questions of law only, and granted appellant not to exceed thirty days within which to file a bill of exceptions.

The trial judge only may settle and allow a bill of exceptions.

On December 4, 1961, a partial bill of exceptions was filed with exhibits attached and, on December 27, 1961, was certified as correct by the trial judge and allowed as an incomplete partial bill of exceptions only.

On May 2, 1962, amendments by way of addition to the bill were sought to be filed with the clerk.

The court has before it now appellant's motion to amend and allow additional matter to complete a full bill of exceptions in diminution of the record.

On December 4, 1961, thirty days after this court reduced the appeal to one on questions of law, appellant filed with the trial court a "motion to vacate" which was overruled by entry of January 11, 1962.   Incident to that motion, appellant sought from the trial court the identical amendment and addition to the bill of exceptions sought by motion here.

In a written decision filed herein with the clerk on December 30, 1961, the trial court dismissed the motion to vacate, refused to permit amendment or addition to the bill of exceptions,

and set forth its reasons for so deciding. In part, the court said:

"Both Mrs. Anderson and Mrs. Hisey have previously prepared transcripts under the surveillance of the undersigned, and with his trial notes, the suggestions of the attorneys, and the reporters notes and the records containing all the proceedings, *which records are, and have always been available,* an authenticated, complete bill would have been and would now be available to defendant if the statutory requirement of payment therefore had been met."

This court is bound to indulge a presumption of regularity and validity to the action of the trial court.

The only authority this court has to add to or modify a bill of exceptions is set forth in Section 2321.14, Revised Code, as follows:

"When justice requires it, upon notice to all parties, an omission in a bill of exceptions, occurring through accident or error, may be corrected by the reviewing court, or it may be remanded to the trial court for such correction."

In *Welfare Finance Corporation* v. *Swearingen,* 74 Ohio Law Abs., 373, it is stated in the headnotes:

"1. The only authority in the Court of Appeals respecting an addition to or modification of a bill of exceptions is set forth in Section 2321.14, Revised Code.

"2. The trial judge only may settle and allow a bill of exceptions and where no bill of exceptions has been settled and allowed by the trial court, there is no basis for correction by the Court of Appeals under authority of Section 2321.14, Revised Code.

"3. The Court of Appeals may only correct omissions in a bill of exceptions occurring through accident or error and where counsel was put on notice by the trial judge that the bill was not complete, he cannot claim that the omission occurred through accident or error. * * *"

In the body of the opinion, Hornbeck, J., states:

"2. If there were a partial bill of exceptions, this court could only correct omissions in the bill occurring through accident or error. It is obvious that counsel was put on notice by the trial judge that the bill was not complete and therefore, we could not say that the omission occurred through accident or error."

In *Zimmerman* v. *White-Roth Machine Corp.*, 88 Ohio Law Abs., 277, the headnotes read as follows:

"1. The fact that the official court reporter did not have sufficient time because of the press of other business to complete a bill of exceptions within the statutory period for filing such bill is not an omission occurring through accident or error within the meaning of Section 2321.14, Revised Code, and is not grounds for remanding it for correction or completion.

"2. There is no statutory authority for allowing an extension of time to file a bill of exceptions."

At page 279 it is stated:

"We recognize that Section 2321.14, Revised Code, is a remedial statute, *State, ex rel. Piletich,* v. *Kovachy et al., Judges,* 166 Ohio St., 298; but the request herein is not to give the statute a liberal construction, rather it is that we extend the purpose of the statute.

"We do not have a situation where a bill of exceptions is certified as a complete bill, but which in fact is not a complete bill; in the instant case the bill is certified as a partial bill, and the appellant wishes to complete the bill after the time fixed by statute. There is no statutory authority for allowing an extension of time to file a bill of exceptions in the trial court regardless of the reason assigned. 3 Ohio Jurisprudence (2d), Appellate Review, Section 485, and authorities cited. There is a provision in the statute (Section 2321.10, Revised Code), extending the time within which the trial judge may sign the bill. The problem in this case is one for the Legislature and not the court, and although it may appear to be a harsh rule, we are bound by the statute as it now exists."

In its motion filed April 9, 1962, appellant asks the court to amend the bill of exceptions under authority of Section 2505.44, Revised Code. The word "transcript" used in that chapter and, specifically, in Section 2505.08, Revised Code, giving either party a right to apply to the court to order a transcript not filed in time, refers only to the transcript of docket and journal entries, not to a transcript of testimony or bill of exceptions. In *Sorrell* v. *Utacht,* 78 Ohio Law Abs., 328, the second paragraph of the headnotes reads:

"The word 'transcript' as used in the last sentence of Section 2505.08, Revised Code, providing that if the transcript and papers are not filed within time either party may apply to the

court to which the appeal is taken to have the case docketed and the court shall order them filed, refers to the transcript of the docket or journal entries, and does not refer to the transcript of the testimony or bill of exceptions."

Section 2505.44, Revised Code, simply lodges power in the court to compel such transcript.

It, therefore, appears that Section 2505.44, Revised Code, provides no basis or authority upon which this court could amend or add to the bill of exceptions.

In *Elser* v. *Parke*, 142 Ohio St., 261, it is stated in the syllabus:

"1. Before an appellate court may remand a bill of exceptions to a trial court for correction upon application made under Section 11572-*a*, General Code, a showing must be made that an omission in such bill occurred through accident or error.

"2. Where the application for diminution of a bill of exceptions states that it is made after the appellate court had granted a rehearing and for the purpose of supplying the appellate court with grounds for reversing the judgment of the trial court, the granting of such application is erroneous."

From careful examination of the record we find no omission in the bill of exceptions occurring through accident or error. This court is, therefore, without the power of corrective action and the motion is overruled.

*Motion overruled.*

Long, P. J., and Keefe, J., concur.

(Decided August 13, 1962.)

On the merits.

Hildebrant, J. This appeal, heretofore reduced to one on questions of law, is from a decree awarding alimony and making a division of property between the parties. The decree reads in part:

"This cause came on to be heard upon plaintiff's amended petition, defendant's amended answer and cross petition, plaintiff's reply, and the evidence, both parties being present in open court and represented by counsel. * * * The court further finds from the evidence that the allegation of plaintiff's amended petition charging defendant with gross neglect of duty is true,

and that plaintiff is entitled to alimony as prayed for in her petition. The defendant is denied a divorce upon his amended cross petition because he is himself guilty of a ground for divorce.''

Defendant strenuously contends that the court was without jurisdiction or power to make a division of property in the suit for alimony only.

That contention is completely disposed of by the Supreme Court in the case of *Griste* v. *Griste*, 171 Ohio St., 160, which states in paragraphs one and two of the syllabus as follows:

''1. Under the provisions of Section 3105.20, Revised Code, in any matter concerning domestic relations, the court shall not be deemed to be deprived of its full equity powers and jurisdiction.

''2. The exercise of the full equity powers and jurisdiction in an alimony or divorce action includes the authority to determine the rights of the parties to alimony and a division of property. * * *''

On June 11, 1962, this court overruled appellant's motion to remand the bill of exceptions for additions and corrections, for the reasons stated in its written opinion.

The bill of exceptions before this court is certified to by the trial judge as being only a partial and incomplete transcript of the testimony taken at the trial.

Appellant's principal contention is that the judgment is against the manifest weight of the evidence. Citation is deemed unnecessary to state that, in the absence of a certificate that the bill of exceptions contains all the evidence, there is a presumption that there was sufficient evidence to sustain the judgment. The partial and incomplete bill of exceptions being insufficient to exhibit the other assignments of error, this reviewing court, in law, is required to and does presume ''that the lower court acted wholly within the law, that the decree or judgment was made upon proper grounds, that the court below applied the law correctly, and that its action was justified.'' 3 Ohio Jurisprudence (2d), 669, Section 715.

The judgment is affirmed and the cause remanded for further proceedings according to law.

*Judgment affirmed.*

LONG, P. J., and KEEFE, J., concur.