509 P.2d 634

Leslie F. SCHOCK, Appellant,

v.

Carolyn L. SCHOCK, Appellee.

No. 2 CA–CIV 1336.

Court of Appeals of Arizona, Division 2.

May 7, 1973.

John William Johnson, Tucson, for appellant.

Price, Tinney, Lindberg & Gianas by William H. Tinney, Tucson, for appellee.

KRUCKER, Judge.

This appeal arises out of a matrimonial controversy which was resolved in the trial

court by denying appellant-husband a divorce and granting appellee-wife a decree of separate maintenance. The lawsuit was commenced by the husband seeking a divorce on the grounds that the wife was guilty of excesses, outrages and cruel treatment towards him. The wife's responsive pleading denied his allegations of misconduct and asserted a counterclaim for separate maintenance on the ground that the husband had been guilty of cruel treatment towards her. At the conclusion of a trial to the court, judgment was entered in favor of the wife on the husband's complaint for divorce for the reason that the husband had failed to establish grounds therefor. The wife was awarded judgment on her counterclaim for separate maintenance, the sum of $700 per month for support and maintenance and the right to remain in and utilize the family residence located upon certain described real property, subject to the mortgage. (An additional award to her of attorneys' fees and costs is not challenged on appeal.)

Appellant-husband contends on appeal that the lower court erred in denying him a divorce and granting appellee-wife a decree of separate maintenance. As to the appellee's conduct which he asserted as grounds for divorce, suffice it to say that we find no error in the trial court's refusal to attribute to the isolated instances relied upon by appellant the status of "excesses or cruel and inhuman treatment." Under these circumstances, since appellant failed to carry his burden of proof of cruelty, jurisdiction to grant him a divorce was absent. Acheson v. Acheson, 107 Ariz. 235, 485 P.2d 560 (1971); Drees v. Drees, 16 Ariz.App. 22, 490 P.2d 851 (1971). Appellant indicates that he refrained from submitting any more evidence "to avoid aggravating an already acrimonious situation." The record reflects no judicial restraint on his presentation of evidence and if, as he contends, he declined to indulge in a public display of "anger, grief and hostility", failure to prove a statutory ground for divorce is not thereby excused.

We likewise find no error in the trial court's granting appellee relief on her counterclaim for separate maintenance. Appellant does not contend that she failed to establish grounds for divorce. In fact, he states in his opening brief, "In the present case both parties have established grounds for an absolute divorce . . . . " Our review of the record discloses evidentiary support for a finding that appellant was guilty of conduct which would entitle appellee to an absolute divorce. The decree of separate maintenance was therefore appropriate. A.R.S. § 25–341.

Allowing appellee to remain on and utilize the family residence is also attacked by appellant. The real property on which the home was built in 1959 consists of some 400 acres which appellant had received as a gift from his father. Funds for the construction, however, were derived from community property of the parties and appellee's separate property. According to appellant's testimony at trial, only about 75 acres lay within the fence surrounding the residence property. Also, as noted above, the appellee's right to utilize the family residence was "subject to the mortgage."

We agree with appellant that in a separate maintenance proceeding the court has no power to adjudicate the respective property rights of the parties. Rodieck v. Rodieck, 9 Ariz.App. 213, 450 P.2d 725 (1969). Separate maintenance contemplates only "alimony" and not property rights. Rodieck, supra. The distinction between a suit for alimony or separate maintenance and a suit for divorce is that the latter is a suit for dissolution of the marriage relation while the former is one in affirmance of it and for the purpose of enforcing the obligations of that relation. 41 Am.Jur.2d Husband & Wife § 387 (1968). It is too plain to admit of argument that one of the support obligations is providing to the wife a suitable place to live. We hold, therefore, that where, as here, mere possession and use of the family residence is awarded to the wife and the

·decree of separate maintenance does not affect the title to the property, such award is not improper. Zakutney v. Zakutney, 151 So.2d 299 (Fla.App.1963); Springs v. Springs, 23 Ill.App.2d 51, 161 N.E.2d 479 (1959); Hamilton v. Hamilton, 298 Ky. ·447, 183 S.W.2d 36 (1944); Radermacher v. Radermacher, 61 Idaho, 261, 100 P.2d ·955 (1940). We do not agree with appellant that appellee was awarded a life estate in his property. A decree of separate maintenance anticipates that a future reconciliation may be brought about. Short v. Short, 54 Wash.2d 284, 340 P.2d 168 (1959). The subject decree is susceptible ·of future modifications should circumstances warrant it. A.R.S. § 25–342, subsec. B.

Appellant's final complaint is directed to the $700 per month alimony payments awarded to appellee. The amount of the award in suits for separate maintenance is determined in the same manner as in divorce suits and rests largely in the sound discretion of the court. 42 C.J.S. Husband and Wife § 624. It is generally recognized that there is no fixed rule or formula for determining the amount to be awarded, Butts v. Butts, 192 A.2d 294 (D.C.App.1963); Stauffer v. Stauffer, 313 S.W.2d 597 (Mo.App.1958), and in the absence of a showing of abuse of discretion, appellate courts do not interfere with the amount awarded by the trial court. Butler v. Butler, 239 A.2d 616 (D. C.App.1968).

In fixing the amount of a separate maintenance award, it is not inappropriate to consider the following factors: The husband's property and income, the actual needs of the wife, her age, condition of health and ability to earn support, her separate property and income, the station in life of the parties, the length of time they have lived together and the contribution which the wife has made to the parties' property.

The parties had been married for 32 years and had raised two children. The evidence reflects that appellee was an ex-cellent homemaker, wife and mother. She was 52 years of age and had been employed as a part-time substitute post office clerk in Elgin, Arizona, where the parties had resided during their married life. Although she had earned $5,970 during 1971 as a full-time postal employee, the full-time employment was merely temporary until appointment of a new postmaster. Therefore it was reasonable for the trial court to conclude that appellee's potential earnings as a part-time clerk would not exceed about $50 per month. Her only separate property was approximately $442 in the bank. Her estimated monthly expenses totalled approximately $900: $142.24 payment on the mortgage, $100 food, $83 automobile expenses, $17.92 automobile insurance, $93.60 utilities, $55 clothing, $138.04 car payment, $10 medical, $60 house upkeep, $100 entertainment, and approximately $100 for other miscellaneous items of expense.

Appellant was employed full time, earning a gross annual salary of between $25,000 and $26,000. He received some additional income from cattle raising and insurance dividends. He argues, however, that the trial court abused its discretion in awarding appellee as support approximately one-third of his income, particularly since she was given the use of the family residence. He concedes, however, that the sum of $150 per month would be a fair amount for rent. As noted above, appellee's possession of the family residence was "subject to the mortgage" which we construe to mean that she was required to pay the mortgage payments each month. Deducting the amount needed for the mortgage payment from the $700, appellee is left with the sum of approximately $550 and an additional sum of $50, her potential earnings as a substitute postal clerk. Additionally, since appellee would have to pay income tax on the support payments received by her, her need for sufficient funds to pay such taxes was an additional factor to be considered. Spackman v. Spackman, 40 Del.Ch. 380, 183 A.2d 199

(1962); Cohn v. Cohn, 209 Md. 470, 121 A.2d 704 (1956).

We are unable to say that the subject award was excessive under the circumstances. We can hardly say, as appellant would have us do, that the net effect of the award is to elevate the appellee's standard of living. Considering her age and employable status, the length of the marriage, her needs and appellant's financial ability, we decline to substitute our judgment for that of the trial court.

Judgment affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.