MAGER, Judge.
Upon a review and consideration of the • record, briefs and oral argument we are of the opinion that the appellant has failed to demonstrate reversible error except as to that portion of the final judgment awarding to the appellee exclusive title and ownership of jointly held real property.
In Ellis v. Ellis, Fla.App.1971, 242 So.2d 745 and Martin v. Case, Fla.App. 1970, 231 So.2d 279, this court reaffirmed the well established principle that a court cannot adjudicate the property rights of parties in a suit for separate maintenance. “Thus, the correct sequence is to first or at least contemporaneously, determine if a divorce is to be awarded and then proceed to adjudicate property rights . . . ”, Ellis v. Ellis, supra. This court’s decisions in Ellis and Martin are consistent with the holding in Smith v. Smith, Fla.1964, 160 So.2d 697. In Smith the Supreme Court of Florida observed that it was within the power of the chancellor in a separate maintenance suit to adjudicate “a dispute between the parties as to the ownership of personal property”. The Supreme Court, however, was careful to recognize that “there is a distinction between the contest over a property settlement and one affecting a claim to personal property.” Cf. Naurison v. Naurison, Fla.App.1959, 108 So.2d 510.
It is our opinion, based upon the foregoing decisions, that the trial court erred when it undertook, in a separate maintenance action, to adjudicate the title and ownership to certain real property held jointly by the appellant and appellee. Except to this extent, the judgment of the trial court is affirmed in all other respects and the cause remanded for further proceedings not inconsistent with this opinion.
Affirmed, in part; reversed, in part.
WALDEN, J., concurs.
REED, C. J., dissents in part; concurs in part.