Robert R. PRENTICE, Appellant (Plaintiff below),

v.

Karen D. PRENTICE, Appellee (Defendant below).

No. 4689.

Supreme Court of Wyoming.

Aug. 24, 1977.

David H. Carmichael, Cheyenne, for appellant.

W. Douglas Hickey, Hirst & Applegate, Cheyenne, for appellee.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, and ROSE, JJ., and ARMSTRONG, District Judge, retired.

ARMSTRONG, District Judge, Retired.

The appellant, Robert R. Prentice, as plaintiff below, filed a complaint for divorce against appellee, defendant below, Karen D. Prentice, in the District Court of Laramie County. Defendant first answered the complaint with a general denial, but four months later filed a counterclaim for judicial separation and maintenance. In the counterclaim the wife alleged, among other things, that the parties had acquired real and personal property during their marriage which should be equitably divided, and that she had agreed with her counsel to pay a minimum fee of $5,000 plus $50 per hour for each hour over 100, and that the firm of attorneys had expended 71 hours to the date of filing the counterclaim. Two days later appellee filed a motion for support and for an order requiring appellant "to pay the $8,000 which has been loaned to defendant by her father, W. C. Waggoner, being money necessarily borrowed and spent to feed and maintain his wife and children because of his failure to provide the same."

The affidavit supporting the motion states, inter alia, that the husband had paid $400 per month for the support of the family, but that it was inadequate, leaving the family destitute and making it necessary to borrow $8,000 from her parents. The loan was made before suit was filed.

In answer to the counterclaim, appellant admits that property had been acquired and should be divided equitably, but for lack of information denied the allegation concerning the agreement to pay an attorney's fee.

On January 7, 1976, the district court, having found generally for appellee and against appellant, denied appellant's "petition" for divorce and granted appellee a judicial separation and maintenance. The decree awarded custody, support money and

alimony. It then set over the residence and a car to the wife, she assuming the indebtedness. It further provided that: "D. Husband is to pay the $8,000.00 indebtedness to Mr. W. C. Waggoner, Kankakee, Illinois, which amount includes the $5,000.00 attorney fees paid by wife to Hirst & Applegate and no further attorney fees are awarded to wife. * * *" The decree concludes by awarding the husband certain personal property.

In his bench remarks at the conclusion of the evidence, the judge of the district court listed the following among other provisions he desired in the decree:

"In view of the other provisions I have made, including the repayment of the $8,000, the certificate of deposit at Cheyenne Federal Savings in the amount of $4,000, the savings account, I believe at the Cheyenne National Bank in the amount of $460, and the shares of Warwick Electronics, will be vested in the plaintiff-husband."

The appellant-husband timely filed an appeal "from that part of the Decree which relates to Section D, the $5,000 award of attorney's fees." He designated for his record on appeal only the portion of the transcript relating to appellee's testimony on her loan of $8,000 of which $5,000 was used for payment of attorney's fee. The appellee, pursuant to Rule 75(b), W.R.C.P., designated the entire record.

Soon thereafter appellee moved for costs and expenses of appeal including an attorney's fee of $50 per hour. The district court overruled this motion stating that the matter more properly should be considered by the Supreme Court. After the appeal was docketed appellee renewed her motion, supported by an affidavit of one of her attorneys, for costs and fees for appeal.

The only issue advanced on appeal is the "award" of attorney's fee.

Until 1965 Wyoming had procedures for granting an absolute divorce and another for support of the family whether the parties were living separately or living together but the husband failing to support. (Sec. 20–36, W.S.1957). In 1965 the legislature provided an additional remedy called a judicial separation now cited as Sec. 20–47.1 through 20–47.4 (Chap. 122 S.L. 1965). This is the first case this court has decided under the 1965 law. For a full discussion of several facets of that law, including some unique with respect to other states recognizing limited divorces, reference is made to I Wyoming Land & Water L.Rev. 287 (1966), *Legislative Comments Judicial Separation.* As the author of the Comments says, at page 298:

"Wyoming's new judicial separation law leaves little room for interpretation. The petition, action, grounds, defenses and the powers of the court are, by reference, identical to those of the absolute divorce. * * *"

There are two differences: the grounds which base a limited decree are preserved for a later action of absolute divorce and the parties have the right to have the decree discharged.

We are concerned here with only that part of § 20–47.3, W.S.1957, 1975 Cum. Supp. which reads:

" * * * the court may make such orders and decrees as shall appear just and equitable, including (but not limited to) custody of the children, provision for support, disposition of the properties of the parties * * *."

In the absence of such a statute, a court in a separate maintenance action similar to § 20–36, *supra*, does not have the power to adjudicate property rights of the parties or to divide their property. *Schock v. Schock*, 19 Ariz.App. 562, 509 P.2d 634 (1973); *Martin v. Case*, 231 So.2d 279, 281 (Fla.App.1970); *Lamers v. Lamers*, 277 So.2d 582 (Fla.App.1973); *Clay v. Sun River Mining Co.*, 302 F.2d 599, 601 (10th Cir. 1962); *Brown v. Brown*, 23 Wyo. 1, 146 P. 231 (1915); and 74 A.L.R.2d 316. Where full equity powers and jurisdiction are given by statute the trial court in domestic relations cases may divide the property. *Griste v. Griste*, 171 Ohio St. 160, 167 N.E.2d 924, 926 (1960); *Piana v. Piana*, 239 S.C. 367, 123 S.E.2d 297 (1961); *Brewer v.*

*Brewer,* 117 Ohio App. 263, 192 N.E.2d 106 (1962).

In a divorce action § 20–58, W.S.1957 the court has discretionary power to "require the husband to pay any sum necessary to enable the wife to carry on, or defend the action" and for support during pendency.

Section 20–63, W.S.1957 reads in part: "In granting a divorce, the court shall also make such disposition of the property of the parties, as shall appear just and equitable, having regard to the respective merits of the parties and to the condition in which they will be left by such divorce, * * * ".

Property settlement agreements entered into by the parties prior to a divorce action are generally recognized and given force and effect in the decree. It has been held, however, that such an agreement is an independent contract even though recognized in the decree. *Ulrich v. Ulrich,* 366 P.2d 999, 1002 (Wyo.1961).

It has also been held that courts may require husbands to pay attorney's fee for the wives under the provisions of Sec. 20–58, *supra, Karns v. Karns,* 511 P.2d 955, 958 (Wyo.1973). Even a provision for "permanent alimony" has been held to be a division of property. *Warren v. Warren,* 361 P.2d 525, 528 (Wyo.1961). Debts and the liabilities of the parties are customarily considered by the trial court in arriving at fair and equitable property divisions. *Garman v. Garman,* 59 Wyo. 1, 136 P.2d 517 (1943); *Lovejoy v. Lovejoy,* 36 Wyo. 379, 256 P. 76, 78 (1927); *Boschetto v. Boschetto,* 80 Wyo. 374, 343 P.2d 503, 507 (1959); and especially *Biggerstaff v. Biggerstaff,* 443 P.2d 524, 526–527 (Wyo.1968); 27B C.J.S. Divorce § 292(1).

The portion of the decree upon which this appeal is taken must be examined. After denying the divorce and granting the separation, the decree is sub-divided into lettered paragraphs. Paragraph "A" awarded custody; "B" awarded separate maintenance to the wife of $750 per month for two years and $550 per month as long as she lives; "C" awarded the encumbered home to the wife-appellee; "D" ordered the husband to pay $8,000 indebtedness to Mr. W. C. Waggoner; "E" awarded certain property to the husband; "F" ordered the husband to pay necessary living expenses incurred by the wife and children prior to the decree; "G" provided that the decree shall be effective to transfer title to property involved.

It is in paragraph "D" that the court said the $8,000 indebtedness "includes the $5,000.00 attorney fees paid by wife to Hirst & Applegate and no further attorney fees are awarded to wife."

It is abundantly clear that paragraph "D" was part of the equitable division of the property. It was not an award of attorney fees. It was an order to pay Mr. Waggoner. It was not an order to pay the wife nor Hirst & Applegate. Since the evidence showed that the attorneys received $5,000 of the $8,000 the court obviously took that opportunity to explain why no other fees would be awarded to the wife. This position is further supported by the court's remarks at the conclusion of the case as quoted above.

■ While the judicial separation act does not specifically provide authority to award attorney's fees, neither do the statutes in divorce actions. Section 20–58 W.S. does give the trial court authority to require the husband to pay necessary sums for the wife to carry on or defend an action for divorce. The court has considered that authority to fix and approve such fees. *Karns v. Karns, supra; Boschetto v. Boschetto,* 80 Wyo. 374, 343 P.2d 503, 506 (1959). With the broad authority given the court in the judicial separation law, the same discretion to allow attorney's fees would be implied.

■ The holding in this appeal should not in any way be construed as approving the attorney's fee. If there had been any evidence that appellee had used the loan as a device to burden appellant with an unreasonable attorney's fee, the case may have been remanded for proof of reasonableness. Since we consider the loan repayment as part of the property division, we are not

called upon to determine the reasonableness of the fee nor whether the trial court abused its discretion. Moreover, there was no evidence and no contention that the trial court's division of the marital estate was not fair and equitable.

The appellee has asked this court for fees and costs on appeal. As said in *Duxstad v. Duxstad*, 16 Wyo. 396, 94 P. 463, 464 (1908) "relief in an appellate court is not a matter of course, but can be granted only upon a showing of the necessities of the wife, the financial ability of the husband, and that the appeal is taken in good faith." The court further said:

"When allowed by appellate courts, it is upon the theory that the allowance is necessary and proper to enable the wife to maintain her rights on the appeal, since, being without means, she could not otherwise do so, and thus that such an allowance is in aid of the exercise of appellate jurisdiction."

See an annotation on fees on appeal in 18 A.L.R. 1494, 1498 and *Davis v. Davis*, 56 Wyo. 524, 111 P.2d 124, 128 (1941); *Beckle v. Beckle*, 452 P.2d 205, 210 (Wyo.1969).

The appellee's affidavit, executed by an attorney in the firm of Hirst & Applegate, fails completely to meet the guidelines stated in *Duxstad, supra*. The motion for cost and expense on appeal is, therefore, denied.

The judgment is affirmed.

McCLINTOCK, Justice, dissenting.

I direct my attention to this statement of the majority, which I take to be the crux of the affirmance:

" * * * Since we consider the loan repayment as part of the property division, we are not called upon to determine the reasonableness of the fee charged in this case and whether the trial court abused its discretion."

and confess myself simply unable to understand the logic or the principle of law upon which it is based.[1] I know of no rule of law that permits a district court or this court to approve an attorney fee without a showing that it is necessary and reasonable, nor do I know of any rule of law that permits a district court or this court to effect a property division that is not based upon reasonable debits and credits. While I do not question the power and authority of the district court, in a proceeding for judicial separation as well as divorce, to fix and approve property divisions and allowances for fees, I think that when the legislature vests the district court with power to enter "such decrees as shall appear just and equitable" in the disposition of property,[2] it imposes upon the trial court, and upon this court in review, the unavoidable duty to do just that. To me the determination of whether something is just and equitable includes examination of the necessity for and reasonableness of any items charged against either party. Plaintiff has strongly contested the reasonableness of the fee, both in the court below and here. He thereby questions the reasonableness of the property division.

What attorney fees the defendant may choose to pay, or what fees the father may choose to lend plaintiff, are matters strictly between them, but when it is sought to pass the burden of such arrangements on to the husband, I think that there must be evidence that based upon the usual standards prevailing in the community and the Bar of that community, the services rendered by the attorney were necessary and the charges therefor were reasonable.

Without expressing an opinion as to the necessity and reasonableness of the fee—since there is no record upon which such a judgment can be made—I would reverse the action of the district court and remand

---

1.  I am also nonplussed with the apparent attitude of the majority that neither the defendant nor her attorney is involved in the order since it is an order to pay money to one not a party to the suit. Is this a judgment in favor of Mr. Waggoner, not a party to the suit, against the plaintiff? If the latter does not choose to pay it, can Mr. Waggoner cause execution to issue upon plaintiff's property? Can he ask that plaintiff be cited for contempt?

2.  Section 20–47.3, W.S.1957, 1975 Cum.Supp.

the proceeding with direction to take evidence and render a decision upon that question.