**Mark Edward DELGADO,
Appellant (Defendant),**

v.

**Christy Lynn DELGADO,
Appellee (Plaintiff).**

**No. 88–5.**

Supreme Court of Wyoming.

May 15, 1989.

Ralph E. Wood, Sievers & Wood, Pinedale, for appellant.

Jerry M. Murray, Rock Springs, for appellee.

Before CARDINE, C.J., THOMAS, URBIGKIT and MACY, JJ., and BROWN, J., Retired.

THOMAS, Justice.

This appeal is concerned exclusively with the sufficiency of the evidence to justify an award of attorney fees and costs to an ex-wife in connection with a contempt proceeding initiated to enforce the visitation rights of a divorced father. The district court, relying simply upon dialogue with the wife's attorney, awarded the wife $2,000 for attorney fees and $465 in costs. The record does not satisfy the evidentiary standards established by recognized precedent, and we reverse the award of attorney fees and costs, remanding the case for further consideration of those matters.

The appellant, Mark Edward Delgado, recites these issues in his brief:

"1. Did the District Court err in awarding costs of $465.00 to the Appellee where there was insufficient evidentiary basis for the amount of said costs?

"2. Did the District Court err in awarding attorney's fees to the Appellee in the amount of $2,000 where there was insufficient proof or evidentiary basis to determine the reasonableness of said amount?"

As appellee, Christy Lee Delgado offers this statement of the issues:

"1. May Appellant raise an issue, '... insufficient evidentiary basis for the amount of said costs' awarded Appellee when Appellant said nothing about the list of costs Appellee presented to the Judge, asked no questions on the costs, requested no hearing and failed to object?

"2. Likewise, may Appellant attack the award of attorney's fees to Appellee for the first time at the Supreme Court level, as no objection or other action was taken by Appellant at the District Court either?

"3. When no hearing is requested on the District Court's award of attorney's fees, may the trial judge grant fees in an amount based on its own experience?

"4. If the judgment is affirmed, may Appellee be awarded additional attorney's fees for her attorney's work on the appeal?"

On January 3, 1986, the appellee was granted a divorce from the appellant. In the Divorce Decree, the court incorporated by reference, a separation agreement entered into by the parties which the court specifically approved, confirmed, and ratified. Pursuant to that agreement, the appellee had custody of the minor child of the parties and the appellant had visitation rights which were rather extensive and satisfactory to him. There was a provision in the separation agreement for recovery of reasonable attorney fees and costs by the prevailing party in connection with any action brought to enforce its terms and, in a separate clause, the parties specifically provided the right to pursue an action to remedy any breach. In addition, § 20–2–111, W.S.1977, as interpreted by this court in *Hendrickson v. Hendrickson*, 583 P.2d 1265 (Wyo.1978), and *Prentice v. Prentice*, 568 P.2d 883 (Wyo.1977), furnishes justification for the award of attorney fees and costs.

On September 16, 1987, the appellant filed a Motion for Order to Show Cause which sought relief in the form of a contempt citation against the appellee for denying to the appellant his visitation rights according to the separation agreement. The district court did issue an Order to Appear and Show Cause directed to the appellee to show cause why she should not be held in contempt of court for denying the visitation rights. After a hearing, an order was entered, on November 25, 1987, in which the court found that the appellee had not committed a breach of the separation agreement, and she was held to have shown cause why she should not be adjudged guilty of contempt. In its Order and Decree, the district court awarded attorney fees in the sum of $2,000 and costs in the sum of $465, a total of $2,465, to the appellee, finding that both the separation agreement and Wyoming statutes provided for the allowance of attorney fees and costs.

With respect to the appropriate amount of attorney fees and costs, the record shows only the following:

"THE COURT: I would like to know what your attorney fees are.

"MR. MURRAY: Well, Your Honor, I spent actually about three full days on this and into the night. We went to work at—I got up at 6:00 o'clock this morning and started preparing, so I think three days, eight hours a day at seventy-five dollars an hour. And I have some phone calls. We have forty dollars witness fees, or I know I wrote checks for witnesses but I don't know what the status of the checks on the subpoenas are but I know it's at least forty dollars checks.

"THE COURT: Well, the Court finds on the issue of the show cause that indeed the plaintiff has shown cause and she should not be held in contempt of Court. With reference to the visitation as set forth in the motion, the Court awards attorney fees in the sum of $2,000.00 to the mother and costs in the sum of $465.00 for a total of $2,465.00. That amount be paid to the Clerk of this Court within 30 days from today."

The appellant contends that this is an insufficient record to sustain the court's award of attorney fees and costs. Even though counsel for the appellee had earlier

served notice that he intended to seek an award of attorney fees and costs, counsel obviously was not prepared to present the evidence required by our precedent to justify the award of attorney fees and costs. A continuance would have been necessary, under the circumstances, for the appellee to satisfy our rules of proof with respect to attorney fees and costs. None was requested because the trial court had set the awards based upon the inadequate record, and it is likely that the judge would have been impatient with a request for an opportunity to make that proof. We do note that cause for granting such a continuance was present in these circumstances because counsel had only a brief period to prepare to defend the matter on the merits, and the successful effort in that regard substantially consumed the available time.

The quoted exchange between the court and counsel is not evidence, and there is no evidence in this record with respect to fees and costs. The rule we have adopted requires that there must be some proof, or evidentiary basis, for the determination of reasonable attorney fees. *Jones Land & Livestock Company v. Federal Land Bank of Omaha,* 733 P.2d 258 (Wyo.1987); *Durdahl v. Bank of Casper,* 718 P.2d 23 (Wyo.1986); *Greenough v. Prairie Dog Ranch, Inc.,* 531 P.2d 499 (Wyo.1975); 45 Am.Jur. Proof of Facts 2d 699 (1986). Similarly, our rule is that costs which are awarded to a litigant are limited in amount to those which the evidence shows actually have been incurred and shows to be reasonable. *Bi-Rite Package, Inc., v. Ninth Judicial District of Fremont County,* 735 P.2d 709 (Wyo.1987). The informal exchange between the district court and counsel for the appellee does not satisfy the standard as to either attorney fees or costs.

█ While in some instances we simply have denied relief because of the failure of a party to present appropriate evidence to establish the reasonableness of attorney fees and costs incurred in connection with litigation, in this case, the expeditious approach taken by the district court foreclosed the appellee from an opportunity to present proof. Furthermore, we are not insensitive to the fact that the appellant made no complaint to the trial judge and did not, in that way, offer either the judge, counsel, or the appellee an opportunity to complete a satisfactory record. Under these circumstances, while we cannot ignore the requirements of our prior cases, we are persuaded that justice demands that the appellee have an opportunity to present evidence establishing the amount and reasonableness of both her attorney fees and her costs. This is consistent with the approach articulated in *UNC Teton Exploration Drilling, Inc. v. Peyton,* 774 P.2d 584 (Wyo.1989).

That aspect of the order of the district court which awarded attorney fees and costs to the appellee is reversed, and the case is remanded for a hearing to permit the production of evidence with respect to the reasonableness of attorney fees and appropriate costs in the litigation.

MACY, J., files a dissenting opinion.

MACY, Justice, dissenting.

The record reveals that appellee was not foreclosed from presenting evidence of costs and attorney's fees. She simply rested her case without presenting such evidence. I cannot find justification for giving her a second chance to do so.